J. & T. COUSINS COMPANY, Plaintiff, *v.* SHOE AND LEATHER WORKERS' INDUSTRIAL UNION OF NEW YORK and Others, Defendants.

Supreme Court, Kings County, November 18, 1933.

*Krieger & Friedman,* for the plaintiff.

*Buitenkant & Finkel,* for the defendants.

SMITH, J. The action is brought for injunctive relief alleging a conspiracy on the part of the defendants to ruin plaintiff's business, good will and trade, and that in pursuit of such conspiracy the defendants have committed acts of unlawful picketing, intimidation and assault upon plaintiff's employees, and have uttered false and

malicious statements concerning plaintiff and its business, and that defendants threaten to continue such acts, all to plaintiff's irreparable injury. Plaintiff further demands $50,000 as its damages. The said defense is alleged as a complete defense in effect that the plaintiff has signed a blanket agreement under the National Industrial Recovery Act (48 U. S. Stat. at Large, 195), and has received and is using the Blue Eagle; that it procured same fraudulently by representing that it intended to comply with the provisions of the National Industrial Recovery Act when in fact it never intended to so comply; that plaintiff has in fact violated the provisions of said act and blanket agreement with respect to wages and hours of work and with respect to the right of collective bargaining under section 7 (a) of said act (U. S. Code, tit. 15, § 707 [a]), and that the purpose of plaintiff's action is to deprive " employees of the plaintiff herein who are members " of defendants' union and all its other employees of their right under said act and of their constitutional rights, and that the plaintiff is not in court with clean hands. The defense is wholly insufficient as a matter of law. Assuming the allegations of the defense to be true, the alleged violations of the said act and said blanket agreement are not a justification for the alleged conspiracy by the defendant union to ruin plaintiff's business and the accompanying unlawful acts complained of. So, too, the alleged fraud of the plaintiff in procuring the Blue Eagle is no defense for the defendant union in this action, whatever rights such fraud if it existed might give to the government.

Finally, the alleged violation of the constitutional rights of third parties, even though some of them be members of the defendant union, although there is no definite allegation of fact in said defense that any of its members are such employees, is not a defense for the defendant union to this action by plaintiff based upon an alleged unlawful conspiracy by the defendant union to ruin its business. It is fundamental that a constitutional question may be raised only by a person whose rights are involved. (*Matter of Attorney-General* v. *Taubenheimer*, 178 App. Div. 321, 323.)

Motion granted, with ten dollars costs.