In the Matter of MILMIC REALTY CORP., Petitioner, *v.* BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, May 14, 1962.

*Edwin H. Dembicer* for petitioner. *Leo A. Larkin, Corporation Counsel* (*Rose Schneph* and *Joseph Entel* of counsel), for Board of Standards and Appeals, respondent.

NATHANIEL T. HELMAN, J. This is a certiorari proceeding by the owner of the premises involved, to review the determination of the Board of Standards and Appeals affirming the order of the Fire Commissioner requiring petitioner to install and " provide an approved automatic sprinkler system throughout the building ". Respondent cross-moves for a final order to vacate

the order of certiorari, dismiss the petition and sustain the determination of the board.

It appears that the building was erected prior to 1913; that it is nonfireproof, class 3 construction, exceeding one story in height; that the building dimensions are 50 by 200 feet and the floors are wooden construction. On January 6, 1961, when the Fire Department inspected the building there were 18 people employed in the building; that there was a large amount of combustible stock stored in the building, with large unprotected floor areas, and the Fire Department reported that fire on lower floors would probably spread with great rapidity due to the large, open, unprotected area.

The subject premises, on January 6, 1961, were occupied for the wholesaling of toys, sales of men's clothes and printing of a paper. It was not a garment factory nor a factory using flammable oil for processing and the building does not exceed three stories in height and there are less than 50 persons employed in the premises.

The Fire Commissioner issued the order directed to the petitioner, requiring the installation of an approved automatic sprinkler system throughout the building.

Petitioner appealed from the Fire Commissioner's order to the Board of Standards and Appeals. A hearing was held before said board and an inspection was duly ordered by a committee of the board. The committee after inspection recommended denial of petitioner's application. The board adopted the committee's recommendations, affirmed the Fire Commissioner's order, and denied petitioner's application.

Petitioner alleges that the cost to install the sprinkler system would exceed $20,000 and will result in a practical taking of a portion of the property, since the increased cost cannot be ameliorated by a decrease in insurance premiums or increases in rental income.

The main thrust of petitioner's attack is as follows:

(1) That the Fire Commissioner lacks authority to require such installation in the type of premises under the law by which he purports to act; (2) the Fire Commissioner lacks the authority to require structural changes in the premises, which would be necessitated by his order; (3) the action of the Fire Commissioner was arbitrary, capricious and discriminatory.

The Fire Commissioner has the duty and power to enforce all laws, rules and regulations of the Board of Standards and Appeals in respect to the prevention of fires or danger to life and property therefrom, excluding provisions relating to struc-

tural conditions, and excluding provisions relating to the installation of oil-burning equipment and all appurtenances thereof (New York City Charter, § 488 [1938]).

He is empowered to cause any building, structure, tunnel, vessel, place or premises to be inspected for fire hazard and to inspect and test any automatic or other fire alarm system or fire extinguishing equipment (New York City Charter, § 490 [1938]).

It is his duty to order in writing the remedying of any condition in violation of any rule or regulation or any provision of law which he is empowered to enforce (New York City Charter, § 491 [1938]).

Subdivision a of section C19–161.0 of the Administrative Code of the City of New York provides for the furnishing of fire extinguishing appliances by owners and proprietors of multiple dwellings, factories, office buildings, warehouses, stores, offices, theatres, and music halls, and the authorities or persons in charge of all public schools and other public buildings, places and waterfront property such as fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors *" and other means of preventing and extinguishing fires as the commissioner may direct "*. (Italics supplied.)

Subdivision b, which was added June 1, 1959, provides for sprinkler systems in garment factories and factories using flammable oil for processing. It is petitioner's contention that by the addition of subdivision b, the Legislature intended to limit the power of the board with respect to sprinkler systems to the categories described in that subdivision only.

But the latter section does not detract from or limit the Fire Commissioner's power and authority under the provisions of subdivision a of section C19–161.0 of the Administrative Code.

The phrase in subdivision a (*supra*) " and other means of preventing and extinguishing fires " was interpreted by the Court of Appeals as including the power to order automatic sprinkler systems long before the 1959 amendment (*People* v. *Kaye*, 212 N. Y. 407).

The fact that petitioner may be put to considerable expense in carrying out the order complained of does not furnish any constitutional obstacle to such enforcement (*Health Dept. of City of N. Y.* v. *Rector,* 145 N. Y. 32; *Matter of Empire Distr.,* 135 N. Y. S. 2d 836). In the *Kaye* case (*supra,* p. 413) the court pointed out that " automatic sprinklers, though they may cost a little more than the articles specifically mentioned in the section, are *of the same general character,* and are *intended for the same purpose* as those articles."

Petitioner's other contention that the installation is predominantly structural and, as such, within the domain of the Housing and Building Department is not persuasive. The Board of Standards and Appeals is a body of experts " and in upholding the action taken it is to be presumed that they determined that the installation called for did not require such a degree of structural change as would place it within the scope of other statutes and within the field of other departments " (*Matter of Sacer Realty Corp.*, 73 N. Y. S. 2d 211). In the main, the object in view is the prevention and extinguishment of fires. That object is lawfully carried out by the requirement of an automatic sprinkler system herein.

The record discloses a basis for the exercise of judgment by the Fire Commissioner and the Board of Standards and Appeals and the court will not interfere with the exercise of such judgment (*Matter of Levy* v. *Board of Stds. & Appeals*, 267 N. Y. 347, 351; *Hickox* v. *Griffin*, 274 App. Div. 792; *Matter of Empire Distr.*, *supra*).

Accordingly, the order of certiorari is vacated, the petition is dismissed and the determination of the Board of Standards and Appeals is affirmed.