In the Matter of ARON MANOR NURSING HOME et al., Petitioners, v. BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, June 29, 1962.

*Warner, Birdsall & Anfuso* for petitioners. *Leo A. Larkin, Corporation Counsel* (*Rose Schneph* and *Gene Ann Condon* of counsel), for respondents.

OWEN McGIVERN, J. This is a certiorari proceeding to review the determination of the Board of Standards and Appeals affirming the order of the Fire Commissioner requiring petitioners to install an approved wet automatic sprinkler system. The premises involved are used as a nursing home. Upon inspection of the premises on March 3, 1959, the Fire Department officer reported there were 118 old, bedridden patients and difficulty would be experienced in removing them from the building in the event of a fire, and they would be unable to help themselves if a fire should occur; that there were in a large area, bedding, mattresses and furniture; that in the event of fire, a heavy smoke condition could be expected, and the Fire Department officer recommended the installation of an approved wet automatic sprinkler system throughout the structure. On June 2, 1959, the Fire Commissioner issued the order which is the subject of this application.

Petitioners appealed from the Fire Commissioner's order to the Board of Standards and Appeals. A hearing was held before said board and an inspection was duly ordered by a committee of the board. They found the open staircases to be hazardous, especially in connection with the housing of old and feeble people, and that the sprinkler system is badly needed. The board thereafter unanimously affirmed the Fire Commissioner's order on November 8, 1961. Petitioners contend that the Fire Commissioner does not have the authority to require such installation in this type of premises under the law; that he lacks the authority to require structural changes in the premises which would be necessitated by his order; that the action was arbitrary, capricious and discriminatory and that their constitutional rights have been violated under the due process and equal protection clauses of the Constitution.

The jurisdiction and powers of the Fire Commissioner in these matters are broadly spelled out under sections 481, 490 and 491 of the New York City Charter and section C19–161.0 of the Administrative Code of the City of New York. The phrase set forth in section C19–161.0, '' and other means of preventing and extinguishing fires '' was interpreted by the Court of Appeals as including the power to order automatic sprinkler systems (*People* v. *Kaye,* 212 N. Y. 407). The contention that the automatic sprinkler system is predominantly structural and, as such, not within his domain, is not persuasive. '' The Board of Standards and Appeals is a body of experts ' and in upholding the action taken it is to be presumed that they determined that the installation called for did not require such a degree of

structural change as would place it within the scope of other statutes and within the field of other departments' (*Matter of Sacer Realty Corp.*, 73 N. Y. S. 2d 211)." (*Matter of Milmic Realty Corp.* v. *Board of Stds. & Appeals*, 35 Misc 2d 30, 33.)

The considerable expense that would be incurred in complying with the Fire Commissioner's order furnishes no constitutional obstacle to its enforcement (*Cockcroft* v. *Mitchell*, 187 App. Div. 180; *Health Dept.* v. *Rector*, 145 N. Y. 32; *Matter of Empire Distrs.*, 135 N. Y. S. 2d 836).

The Hospital Code pertaining to fully automatic sprinkler systems for institutions not licensed prior to November 1, 1954, except those in fireproof buildings, does not affect the enforcement of the order of the Fire Commissioner. Nor does the fact that the certificate of occupancy issued by the Department of Buildings of the City of New York, in classifying the subject premises as " Class 1, Fireproof " affect it. The powers conferred upon the Department of Hospitals and the Building Department is not inconsistent with the exercise of jurisdiction over the same subject matter by other municipal authorities (*Lantry* v. *Hoffman*, 55 Misc. 261, 264, affd. 124 App. Div. 937). Statute and ordinance may stand together. The Fire Commissioner and Department of Hospitals and Building Department may have concurrent powers of supervision within their respective spheres of duty (*Matter of Sacer Realty Corp.*, 73 N. Y. S. 2d 211, 214). " Neither the Multiple Dwelling Law, the New York City Charter, nor the Fire Prevention Code are to be given exclusive interpretation, but, under recognized principles of statutory construction, they are to be read together and given a harmonious interpretation wherever possible, and are to be read also in such a way as will effectuate the legislative intent ". (*Matter of Sacer Realty Corp., supra.*)

The Fire Commissioner has the duty and power to enforce all laws, rules and regulations of the Board of Standards and Appeals in respect to the prevention of fire or danger to life and property therefrom, excluding provisions relating to structural conditions, and excluding provisions relating to the installation of all burning equipment and all appurtenances thereof (New York City Charter, § 488). He is empowered to cause any building, structure, tunnel, vessel, place or premises to be inspected for fire hazards (§ 490). It is his duty to order in writing the remedying of any condition in violation of any rule or regulation or any provision of law which he is empowered to enforce (§ 491). Section C19–161.0 of the Administrative Code provides for the furnishing of fire preventive equipment

and other means of preventing and extinguishing fire as the Commissioner may direct. " In the main, the object in view is the prevention and extinguishment of fires. That object is lawfully carried out by the requirement of an automatic sprinkler system herein " (*Matter of Milmac Realty Corp.* v. *Board of Stds. & Appeals, supra*, p. 33).

The record discloses a reasonable basis for the exercise of judgment of the Fire Commissioner and the Board of Standards and Appeals and the court will not interfere with the exercise of such judgment (*Matter of Levy* v. *Board of Stds. & Appeals,* 267 N. Y. 347, 351; *Matter of Hickox* v. *Griffin,* 274 App. Div. 792; *Matter of Empire Distrs., supra*).

Accordingly, the order of certiorari is vacated, the petition is dismissed and the determination of the Board of Standards and Appeals is affirmed.