M. Henry Martuscello, J.
In this proceeding wherein plaintiffs seek judgment declaring that rule 177C-AC-1 of the Rules and Regulations promulgated by thé Commissioner of Water 'Supply, Gas and Electricity, requiring that air-conditioning systems in excess of two tons of rated capacity using city water be equipped with an approved water-conserving device, be declared null and void as to plaintiffs’ air-conditioning unit and for permanent injunctive relief against any future action by the defendants with respect to such unit, the plaintiffs move for .summary judgment.
*563 The moving papers disclose that the plaintiffs conduct a general law practice as partners at Room 405, 50 Court Street, Brooklyn, New York. In 1962 they installed a three-ton water-operated air-conditioning unit for their entire suite, which consists of six rooms. On May 24, 1966 the aforesaid rule 177C-AC-1 became effective. Thereafter the plaintiffs were advised by the defendants of the law in relation to such air conditioners and the consequences of violations thereof.
It is the plaintiffs’ contention that the rule is illegal, confiscatory, arbitrary, and unconstitutional. The court is not in accord with this contention.
Section 734 of the New York City Charter provides that the Department of Water Supply, Gas and Electricity shall have jurisdiction, charge and control of making and enforcing the rules and regulations governing and restricting use and supply of water. The Commissioner of Water Supply, Gas and Electricity is vested with the power to prevent water waste. Necessary restrictions required to be imposed, as the situation develops, lie within the discretion of the Commissioner. Plaintiffs may not be heard to complain so long as the restrictions imposed to prevent water waste have a reasonable relation to the end sought to be attained. Property rights must yield to the safety and comfort of all the people (Matter of Caton Dahill Minute Auto Laundry v. Carney, 196 Misc. 947, affd. 276 App. Div. 953). The rights of the individual are subordinate to the welfare of the State (People v. Klufas, 1 Misc 2d 828, affd. 2 A D 2d 958).
The fact that plaintiffs may be put to considerable expense in carrying out the rule complained of does not furnish any constitutional obstacle to such enforcement where public health, safety or welfare is concerned (Matter of Milmic Realty Corp. v. Board of Stds. & Appeals, 35 Misc 2d 30). It is not the hardship of the individual case that determines the question, but rather the general scope and effect of the rule as an exercise of the police power in protecting health and promoting the welfare of the community at large. It is a well-recognized principle in the decisions of the State and Federal courts that the citizen holds his property subject not only to the exercise of the right of eminent domain by the State, but also subject to the lawful exercise of the police power by the Legislature (Adamec v. Post, 273 N. Y. 250).
It is clearly settled that in no case does the owner of property acquire immunity against the exercise of police power because he constructed it in full compliance with the existing laws (Queenside Hills Realty Co. v. Wilson, 269 App. Div. 691, affd. 294 N. Y. 917, affd. sub nom. Queenside Hills Co. v. Saxl, 328 *564 U. S. 80; Matter of Engelsher v. Jacobs, 5 N Y 2d 370). There can be no donbt that rule 177C-AC-1 is calculated to promote the public welfare and safety of the community and is reasonable under the circumstances herein. Consequently, it should be complied with regardless of the restraint and economic burden imposed upon the plaintiffs. Moreover, it appears that the plaintiffs never secured a permit from the Bureau of Water Register of the Department for the installation of air-conditioning equipment using city water as required by rule No. 146 of the Rules and Regulations promulgated by the Commissioner effective June 1, 1956. Therefore, such installation would be deemed illegal and in violation of said rule of the department.
Accordingly, the plaintiffs’ motion is denied in all respects, the complaint is dismissed and defendants are granted summary judgment.