Walter R. Hart, J.
In their complaint and supplemental complaint, certain individual property owners and the Real Estate Board of New York, Inc. seek a judgment declaring unconstitutional amendments to chapter 41 of the Administrative Code of the City of New York, known as Local Law No. 14 of the Laws of 1966, and enjoining the enforcement of said law. The thrust of plaintiffs’ challenge is directed to the requirements contained in said local law, as enacted in 1966, and as amended in 1968 (Local Laws, 1968, No. 14), for the upgrading of incinerators and oil burners in buildings such as those operated by the plaintiff owners.
The supplemental complaint was served by plaintiffs as the result of the 1968 amendment of the law here involved. The relief sought in the complaint, as supplemented, is as follows:
1. For judgment declaring Local Law No. 14 as enacted in 1966 and as amended in 1968 to be unconstitutional, illegal and void and not binding upon the plaintiffs and others similarly situated;
2. Enjoining defendants from instituting and maintaining any court action or proceeding against plaintiffs and others similarly situated by reason of noncompliance with the provisions *922 of Local Law No. 14, and further enjoining defendants from entering plaintiffs’ buildings and sealing the refuse burning equipment located thereat;
3. Compelling the Commissioner of Sanitation of the City of New York to collect refuse from plaintiffs’ multiple dwellings without charge in the event that operation of plaintiffs ’ incinerators is discontinued.
Plaintiffs now move (1) for summary judgment declaring Local Law No. 14, as enacted, unconstitutional, or in lieu thereof (2) for an injunction pendente lite enjoining defendants from enforcing said law through court action or proceeding and from sealing the refuse burning equipment of plaintiff owners and others similarly situated, and (3) for a mandatory injunction pendente lite compelling the Sanitation Department to collect without charge refuse from the premises of the plaintiff property owners.
Defendants cross-move for an order (1) dismissing the complaint as to plaintiff the Real Estate Board of New York, Inc. upon the ground that there is no justiciable controversy affecting the rights or other legal relations between said plaintiff and the defendants herein; and (2) dismissing as to all the plaintiffs the cause of action alleged in the complaint and supplemental complaint, on the ground that no cause of action is stated' therein, and granting judgment declaring that Local Law No. 14, as amended in 1968, is constitutional.
In view of the amendment of Local Law No. 14 in 1968, the challenge posed with respect to the constitutionality of said local law as originally enacted in 1966 becomes academic, for there is presently presented a justiciable controversy only as to the amended Local Law No. 14. Accordingly, the present inquiry is directed to so much of the plaintiffs’ constitutional challenge as pertains to the amended law, and any mention herein of Local Law No. 14 as originally enacted is only for reference purposes or to furnish the background for a discussion of the issues herein.
Local Law No. 14 as enacted in 1966 required the upgrading within specified periods of incinerators in multiple dwellings and in buildings other than multiple dwellings as well as upgrading of municipal incinerators. As stated by the defendant Heller, Commissioner of the Department of Air Pollution Control, in an affidavit submitted in opposition to plaintiffs’ instant motion and in support of the cross motion, the upgrading of other than municipal incinerators is intended to be accomplished by improving the combustion of the refuse and by installation of an efficient water scrubber or similar device *923 through which gases and particulates (such as soot, fly ash, dirt, etc.) are treated, thus reducing the emissions of particulates into the air and bringing such incinerators into compliance with the performance standards adopted by the Board of Air Pollution Control. The law further provides for the upgrading of residual fuel oil burning equipment to improve combustion and thus reduce particulate emissions into the air. The law as originally enacted also contained provisions and a time table requiring the use of fuel with lowered sulphur content.
The 1968 amendment of Local Law No. 14, effective March 12, 1968, left intact the provisions requiring the upgrading of oil burners, the use of lower content sulphur fuel, and the upgrading of municipal incinerators. As to the upgrading of refuse burning equipment (that is, incinerators) in multiple dwellings and structures other than multiple dwellings, the amended local laAv provides that oAvners, lessees or operators of incinerators Avhich Avere in operation at any time after January 1, 1965 shall resume or continue operation thereof and shall, except as hereinbeloAV stated, upgrade such equipment as a prior condition of obtaining an operating certificate; or, in lieu thereof, election may be made to install and operate a refuse compacting system Avhich Avould reduce the volume of unburned refuse. The amended laAV then specifies Avith regard to the requirements for upgrading that, in the case of multiple dwellings containing 20 or less, or more than 100, dAvelling units per incinerator, application for an operating certificate, based on conformance to the upgrading requirements, must be made by July 20, 1968 and the upgrading accomplished by December 28, 1968. The deadline dates for applying for an operating certificate and for completion of upgrading in the ease of multiple dAvellings containing 61 to 100 dwelling units per incinerator are, respectively, February 20, 1969 and October 20, 1969; for multiple dAvellings containing 21 to 60 dwelling units per incinerator, the respective dates for filing applications and for completion of upgrading are November 20, 1969 and May 20, 1970. As to structures other than multiple dwellings, application for an operating certificate must be made by February 20, 1969, and upgrading must be accomplished by October 20, 1970. In the case of a multiple dwelling containing 40 dwelling units or less per incinerator, the amended laAv provides that authorization to discontinue incineration Avill be granted by the Commissioner of Air Pollution iControl on an application satisfactorily showing that it Avould not be reasonably practicable to fully meet the standards and requirements by reason of the physical characteristics of the multiple dwelling or other *924 wise, and upon such discontinuance, the unburned refuse will be collected without charge by the Department of Sanitation.
The local law further provides that the Commissioner may seal refuse burning equipment which is not operated or maintained as required by and in the manner provided for in the law; that in the event of such violation, an owner or lessee of the equipment may be subject to the payment of a penalty in the sum of $25 for each day that said equipment remains sealed, to be recovered in a civil action brought in the name of the Commissioner, and any collection of any refuse by the Department of Sanitation shall in such case be at the expense of the owner or lessee of the equipment, said expenses to be recovered in a civil action brought in the name of the Sanitation Commissioner. Moreover, the law provides that any failure to comply with the requirements hereinabove referred to shall be deemed a separate and distinct violation as to each day of said failure, and any person convicted of violating any of the provisions as indicated, shall be punished for each offense by a fine of not less than $25 nor more than $200, or by imprisonment for not more than 60 days, or by both such fine and imprisonment.
The .court first finds that there is merit to that branch of defendants’ cross motion which seeks dismissal of the complaint and supplemental complaint as regards plaintiff the Real Estate Board of New York, Inc., in that there is absent any justiciable controversy between said plaintiff and the defendants herein. The validity of a statute or ordinance is open to attack only by a person or organization whose constitutional rights are injuriously affected by the legislation in the features complained of (Jeffrey Mfg. Co. v. Blagg, 235 U. S. 571, 576; People v. Beakes Dairy Co., 222 N. Y. 416, 429); hence, a membership organization such as the plaintiff Real Estate Board, which is not suing by reason of any violation of its own constitutional rights and direct interests, is without standing to bring this action. (See 8 N. Y. Jur., Constitutional Law, § 53. See, also, Ann. “Validity of Statute — Who May Question,” 2 ALR 2d 917.) (Cf. J. & T. Cousins Co. v. Shoe & Leather Workers Ind. Union, 150 Misc. 575, affd. 241 App. Div. 760.) The plaintiff Real Estate . Board has not shown the existence of a justiciable controversy between it and the defendants which would afford said plaintiff a right to bring the action in its own name. Accordingly, that branch of the defendants’ cross motion which seeks dismissal of the complaint as supplemented, insofar as said pleading purports to be that of the Real Estate Board, is granted. It follows, of *925 course, that said plaintiff’s motion for summary judgment is denied as academic.
There is still presented by the motion of the individual plaintiff property owners and defendants’ cross motion the issue as to the constitutionality of Local Law No. 14. In view of the evidentiary material submitted on these motions, the defendants ’ motion to dismiss will be treated as a motion for summary judgment.
It is noted at the outset that the plaintiffs do not challenge the powers of the city generally to deal with the problem of harmful air pollution and specifically to regulate the maintenance of equipment, whether privately or publicly owned or operated, which contributes to such air pollution. This right cannot at any rate be seriously questioned. What plaintiffs do challenge, in this connection, are the validity of the underlying assumptions and sufficiency of the factual basis on which Local Law No. 44 rests, as well as specific provisions of said law. Before proceeding to a determination of the constitutionality of the law, it behooves us to restate certain well-established rules of law governing the determination of any challenge addressed to the constitutional validity of a legislative enactment. These rules were succinctly stated in Defiance Milk Prods. Co. v. Du Mond (309 N. Y. 537, 540-541): “ The applicable rules of law are well known. Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions [citation]. If any state of facts, known or to be assumed, justify the law, .the court’s power of inquiry ends [citation]. Questions as to wisdom, need or appropriateness are for the Legislature [citation]. Courts strike down statutes only as a last resort [citation] and only when unconstitutionality is shown beyond a reasonable doubt [citation]. But, for all that, due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil [citing cases].”
With the foregoing guidelines in mind, we turn now to an evaluation and disposition of the points raised by plaintiffs as the basis of their attack on the constitutionality of the law here involved. The plaintiffs contend first that the enactment of Local Law No. 14 was based on an erroneous assumption, namely, that emissions from incinerators and fuel burning equipment in privately owned multiple dwellings contribute substantially to the harmful pollution of air in the city; that there is no factual support for such an assumption in the reports *926 made by the Mayor’s Task Force on Air Pollution and the reports of the City Council Special Committee appointed to investigate the problem of air pollution; that the statistical estimates contained in these reports, including estimates as to the number of apartment house incinerators and the amounts of particulates emitted into the atmosphere are speculative, inaccurate and inconsistent, and that in any event it appears on the basis of those estimates that privately owned multiple dwellings are responsible for less than 1% of the total emission of pollutants from all sources, an amount claimed by plaintiffs to be so insignificant as to constitute no actual health hazard. I do not perceive any merit in this argument that would warrant striking down the challenged law as unconstitutional. Even if allowance be made for any alleged inaccuracies or inconsistencies in the factual data and assumptions underlying the law, it is apparent, even on the basis of plaintiffs’ assertions, that an amelioration in the conditions affecting the public health, comfort and welfare is afforded by said legislation, however minimal such amelioration be, thus satisfying the basic constitutional requirement that the law be reasonably related and applied to some actual manifest evil.
As pointed out by defendants, the provision of the law covering incinerators and fuel burning equipment in privately owned apartment houses is only one facet of the attack made by the law on air pollution. Coming within the scope of the law are not only privately owned multiple dwellings but incinerators in other structures and those included under the jurisdiction of the Department of Sanitation. Similarly, the regulation of residual fuel oil burners is not limited to those located in privately owned multiple dwellings. Moreover, there is no constitutional inhibition in dealing piecemeal with a problem affecting public health or any other problem involving the exercise of police power. The fact that legislation, which is reasonably related to the public health and welfare, and thus constitutes a proper exercise of the police power under the due process clauses of State and Federal Constitutions, is merely a step in the direction of something which will enure to the public health and comfort, and that it does not go as far as it might, is not a reason for invalidating it (National Psychological Assn. v. University of State of N. Y., 8 N Y 2d 197, 202-203).
There is similarly no substance in the other arguments advanced in support of the claim that the law unreasonably discriminates against plaintiffs as private owners of apartment houses in violation of the equal protection of the laws guaran *927 teed by the Constitution. I do not subscribe to the view that there inheres within the classifications made in the local law under attack, as to dates of application and of compliance, and as to the option afforded to certain multiple dwelling owners to discontinue incineration, such discriminatory treatment against plaintiffs and others similarly situated as to deprive them of the equal protection of the laws. “ A class may lawfully be restricted if the lines defining the restriction are not arbitrary altogether and if the rule to be applied within them is uniform and even ’ ’ (People v. Teuscher, 248 N. Y. 454, 459; Matter of Williams v. Walsh, 289 N. Y. 1, 8); and a classification, though discriminatory, is not arbitrary so as to constitute a denial of the equal protection of the laws if any state of facts reasonably can be conceived that would sustain it (Allied Stores of Ohio v. Bowers, 358 U. S. 522, 528; see also McGowan v. Maryland, 366 U. S. 420, 426). The court in assaying the validity of a classification which fixes different deadline dates for applying for an operating certificate and for compliance with the upgrading provisions of law, based on the number of dwelling units serviced by each incinerator, will favor the city with the presumption that there conceivably are, absent any facts showing the contrary, differences in conditions, or other factors, such, for example, as those affecting administration of the law, which justify the classifications. The burden of showing the absence of any rational basis for such classification is a burden which rests on the one who assails the classification (Harman v. Board of Educ. of City of N. Y., 300 N. Y. 21). There is nothing in plaintiffs’ papers submitted in support of their motion and in oppositon to defendants’ cross motion to dismiss to indicate that the presumption in favor of the validity of the classifications under attack can be successfully surmounted.
Another contention advanced by plaintiffs in their attack on the constitutionality of the law in question is that the law improperly delegates to the Commissioner of Air Pollution Control unlimited authority to exercise powers reserved to the City Council and the Department of Air Pollution Control. Plaintiffs cite as an instance of such allegedly unlimited authority the provisions of section 892-4.2 of the Administrative Code requiring that the upgrading of residual fuel oil burners be accomplished by the installation of certain specified devices “ or the equivalent of such devices, in addition to such other requirements as may he determined hy the commissioner.” (Emphasis supplied.)
*928 I do not read the provisions of this law as conferring unlimited delegation of powers without adequate standards to govern the exercise of the powers conferred on the Commissioner. The discretionary authority with which the Commissioner is invested is to be read within the context of the clearly defined objectives and the specific requirements of the law. Thus when so read, a sufficiently comprehensible framework and guide are provided and a standard is sufficiently prescribed to bring the delegation of discretionary powers provided for in the 'law within permissible limits (see Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164, 168-169; National Psychological Assn. v. University of State of N. Y., 8 N Y 2d 197, 204, supra). Nor have the plaintiffs satisfied the court that the City Council has not, under the charter, the power to confer on the Commissioner the right to fix requirements that come wthin the scope of the standards furnished in the law. The power which is delegated is not the power to legislate, but the power to administer the law as enacted by the City 'Council.
Next, plaintiffs contend that Local Law No. 14 does not meet the constitutional test that a law which imposes civil and criminal penalties must specify the prohibited conduct in terms that are clear, precise, definite and certain, or prescribe some comprehensible guide, rule or information as to what must be done or what must be avoided (citing Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690). The concern which the plaintiffs profess with respect to the alleged constitutional inadequacy of the law in this respect is not well founded. The law in question does not by its terms impose any sanctions without prior notice and opportunity afforded to an applicant" for an operating certificate to file plans in accordance with the specific requirements for upgrading that may be imposed within the standards fixed by the law.
Plaintiffs also contend that in view of the alleged extensive cost of complying therewith, the law is confiscatory and deprives them of vested property rights without compensation and without due process of law. Notwithstanding any suggestion proffered by plaintiffs to the contrary, the rule is that an owner of property who has constructed or maintained his property in compliance with laws then in existence acquires no vested right or immunity against an exercise of the police power which imposes additional or new requirements with respect to the maintenance or use of such property (Queenside Hills Realty Co. v. Saxl, 328 U. S. 80; Matter of Engelsher v. Jacobs, 5 N Y 2d 370; *929 Garvar v. City of New York, 54 Misc 2d 562). Similarly, the fact that the requirements of the law impose a heavy economic burden on those who must comply with such requirements does not in and of itself constitute a vaild objection (see Garvar, supra). As defendants point out in their memorandum of law, courts have in numerous instances sustained as constitutional legislation imposing requirements on owners of multiple dwellings which involved allegedly heavy expenditures of money or resulted in economic burdens on a scale proportionately similar to or in excess of the economic burden alleged to be inflicted on the plaintiffs herein (see Queenside Hills Realty Co., supra; Health Dept. of City of N. Y. v. Rector, etc. of Trinity Church, 145 N. Y. 32; Tenement House Dept. of City of N. Y. v. Moeschen, 179 N. Y. 325, affd. 203 U. S. 583; Adamec v. Post, 273 N. Y. 250). The magnitude and urgency of the evil which Local Law No. 14 is designed to meet and correct cannot be gainsaid; hence, the alleged economic burden here involved when measured against the broad scope of the law which is addressed not only to emissions from apartment houses but from other sources cannot be said to be an unreasonable exaction.
Plaintiffs further contend that Local Law No. 14 is unconstitutional because it authorizes the Commissioner and his personnel to conduct unlawful searches and seizures of owners’ properties, that is, searches and seizures without a warrant. This contention is without merit. Plaintiffs ’ reliance on Camara v. Municipal Ct. (387 U. S. 528) and See v. City of Seattle (387 U. S. 541) and the other cases cited by plaintiffs is misplaced. In the Camara case, the United States Supreme Court held invalid as a violation of the right of privacy under the Fourth Amendment an administrative inspection of a residence without a warrant under a statute Avhich purported to authorize such warrantless searches for the purpose of determining whether a violation existed. The See case held invalid such a search in the case of commercial premises. In the instant case, however, there is nothing in the law under attack that professes or purports ny its terms to authorize an unlawful search without a warrant for the purpose of determining whether a violation exists. Under the circumstances the fact, as claimed by plaintiffs, that some of the Air Pollution Control Department’s personnel may have made searches of owners’ premises in certain cases without obtaining a warrant, does not render the law itself unconstitutional though it may be that a property owner would have a sufficieint defense or right of redress in court against any such searches.
*930 Plaintiffs also contend that the law in question, in authorizing summary sealing of incinerators, deprives owners of their property without due process of law because the law makes no provision for giving prior notice directing compliance with the law nor does it give a property owner a prior opportunity to be heard. This contention also must be rejected. The summary sealing of incinerators as an exercise of the police power does not violate due process. The requirement of due process is fully met when a forum exists in which an aggrieved person has a right to be heard and to defend (City of Newburgh v. Park Filling Station, 273 App. Div. 24, affd. without opn. 298 N. Y 649; Metallic Flowers v. City of New York, 4 A D 2d 292). The law before us does not deprive plaintiffs of a forum in which the legality of any action taken by the Commissioner or his personnel may be litigated. If, on the other hand, it be concluded that the constitutional protection of property rights ,requires a prior hearing, the provisions in the instant law relating to the sealing of incinerators will not be stricken as invalid but such a hearing will be mandated (see Matter of Hecht v. Monaghan, 307 N. Y. 461, 468).
Another contention advanced by the plaintiffs as to the constitutionality of the law with which we are dealing is that it is an ex post facto law because it renders unlawful the prior maintenance and operation of premises maintained and operated in compliance with the prior building codes and air pollution laws and regulations. The flaw in this argument is that it assumes that this local law seeks to render criminal and to punish for an act, done before enactment of the law, which was lawful when done (see People ex rel. Taylor v. Jennings, 134 Misc. 586, 589-590; 11 Am. Jur., Constitutional Law, § 351; 16A C. J. S., Constitutional Law, § 435). Such is not the case. The local law with which we are dealing does not seek to punish or to characterize as a crime what was done prior to its effective date but imposes additional or other requirements operating prospectively on those coming within the scope of the law; hence this law cannot be said to contain the elements of an ex post facto law.
Plaintiffs charge as a further alleged constitutional objection that Local Law No. 14, in permitting the use of fuel oil having a greater sulphuric dioxide content than that provided for in the State law, is in conflict with the State law and therefore unconstitutional. This contention, as a constitutional objection, is without substance. Any such alleged inconsistency between the local law and the State law in this regard does not involve *931 any justiciable controversy of which plaintiffs may avail themselves. The plaintiffs obviously are not injuriously affected or aggrieved by a municipal provision of law that is less stringent than that contained in the State law.
There remain two objections, touching on the constitutional validity of the law before us, that I find raised triable issues with respect to certain of the provisions contained in Local Law No. 14. The first objection involves the argument that it would require more than the time prescribed in the law for property owners to comply with the requirements as to upgrading of equipment. If such be the fact, then the law may be unconstitutionally oppressive in this regard (see City of Buffalo v. New York Cent. R.R. Co., 125 Misc. 801, affd. 218 App. Div. 810, affd. 271 N. Y. 658). On the papers before the court it is not possible to make a summary determination of this question.
The other objection raised by the plaintiffs, which for reasons set forth below cannot be summarily disposed of on the instant motions, is that the provisions contained in the law prescribing the penalties and punishment for failure to comply with the requirements of the law are so unreasonable and oppressive as to violate constitutional rights. The provisions to which plaintiffs refer are contained in subdivision f of section 892-4.8 and section 894-3.0 of the Administrative Code. It may be that the provisions contained in the law for the imposition of cumulative penalties and for imprisonment, with each day’s violation of the law treated as a separate offense, may be so oppressive as to inhibit recourse to the courts for the purpose of testing the validity of the law, because such action would be at the risk of paying daily forfeitures accumulated throughout the period of noncompliance, including the period of judicial review. On the other hand, unless penalties are sufficiently provided so as to effect compliance with a law, the law would be without sufficient teeth to compel such enforcement. I am of the opinion that the constitutional aspects affecting the validity of the provisions imposing penalties and other punishment on violators of the law in question cannot be adequately and fairly assayed without a consideration of the reasonableness of the prescribed time limitations for compliance with the provisions of the law.
Local Law No. 14 in section 897-2.0 of the Administrative Code provides that if any provision of the law is declared unconstitutional, or the application thereof to any person or circumstance is held invalid, the applicability of such provision *932 to other persons and circumstances and the constitutionality or validity of every other provision of the law would not be affected thereby.
In accordance with all of the foregoing, plaintiffs’ motion for summary judgment is denied. So much of plaintiffs’ motion as seeks a mandatory injunction pendente lite compelling the collection of refuse by the 'Sanitation Department without charge is likewise denied. So much of their motion as seeks in the alternative an injunction pendente lite enjoining the enforcement of the law is granted. The defendant’s cross motion, treated, as I have stated, as a motion for summary judgment declaring the constitutionality of the law before us, is granted to the extent that all of the provisions of Local Law No. 14 are declared to be constitutional except as to those provisions which prescribe the dates for effecting compliance with the law, and also as to those provisions which prescribe the penalties and punishment for violations of the law. Triable issues are raised as to the constitutional validity of the above-mentioned provisions of the law and, accordingly, the parties must proceed to trial with regard to these separable issues.