■ ORIENTAL BOULEVARD COMPANY et al., Plaintiffs, and 2016 ALBER-MARLE ROAD, INC., et al., Plaintiffs-Intervenors-Respondents, v. AUSTIN N. HELLER, as Commissioner of the Department of Air Pollution Control, et al., Appellants.— In an action for a declaratory judgment and injunctive relief, defendants appeal from three orders of the Supreme Court, Kings County, dated June 10, 1969, August 5, 1969 and October 23, 1969, respectively. Appeal from order of June 10, 1969 dismissed as academic, without costs; that order was resettled by the order of August 5, 1969 and thus superseded. Order of August 5, 1969 modified, on the law, by deleting the provisions thereof which constitute the third decretal paragraph of the order of June 10, 1969 as resettled, which provisions extended for the plaintiffs-intervenors' benefit the *pendente lite* injunction contained in an order of the Supreme Court, Kings County, dated February 18, 1969, in this action. Order of October 23, 1969 modified, on the law, by deleting the third decretal paragraph thereof, which similarly extended the aforesaid *pendente lite* injunction. As so modified, orders of August 5, 1969 and October 23, 1969 affirmed. One bill of costs is awarded to defendants-appellants jointly against respondents filing separate briefs, to cover all the appeals. As the *pendente lite* injunction in the February 18, 1969 order has been terminated by our determination (herewith) in the companion appeal from that order, the provisions, in the orders herein modified, extending the injunction for the benefit of the plaintiffs-intervenors (respondents on these appeals) must likewise be terminated. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ ORIENTAL BOULEVARD COMPANY et al., Respondents-Appellants, v. AUSTIN N. HELLER, as Commissioner of the Department of Air Pollution Control, et al., Appellants-Respondents.— In an action for a declaratory judgment and injunctive relief, the cross appeals are from separate portions of an order of the Supreme Court, Kings County, dated February 18, 1969, as follows: Defendants appeal from so much of the order (1) as, in granting their cross motion to dismiss the complaint and supplemental complaint on the ground that Local Law 14 of the Local Laws of 1966 of the City of New York, as amended by Local Law 14 of the Local Laws of 1968 of the City of New York (the Air Pollution Control Law), is constitutional, excepted from that determination the provisions of said Local Law which prescribe (a) the dates for compliance with the Local Law by plaintiffs Oriental Boulevard Company and Concord Village Company and (b) the penalties for said plaintiffs' noncompliance; and (2) as directed a hearing with respect to said excepted provisions of the Local Law as applied to said plaintiffs. Plaintiffs cross-appeal, as limited by their brief (in addition to the limitations in their notice of appeal) from so much of the order as (1) denied their motion for summary judgment declaring the Local Law unconstitutional *per se,* (2) enjoined enforcement of the Local Law, *pendente lite,* only as against plaintiffs Oriental Boulevard Company and Concord Village Company, (3) dismissed the complaint in part

and adjudged the Local Law constitutional in all respects and as to all persons, except as to its provisions concerning compliance dates and penalties which would apply to said two plaintiffs. Order modified, on the law, by deleting the fifth decretal paragraph; by deleting from the third decretal paragraph all the matter following the provision that defendants' cross motion "is granted in all respects"; by deleting from the fourth decretal paragraph all the matter following the adjudication that all provisions of the Local Law "are hereby declared to be constitutionally valid". As so modified, order affirmed insofar as appealed from, with costs to defendants-appellants. We agree with the Special Term's determination that the subject Local Law is constitutional on its face. On this record, however, we see no fact issue requiring a trial as to whether the time limitations for compliance and the penalties for noncompliance are constitutionally oppressive as applied to these plaintiffs. The statute is presumptively constitutional (*Defiance Milk Prods. Co.* v. *Du Mond,* 309 N. Y. 537, 541); and on this motion and cross motion for judgment plaintiffs had the burden of overcoming that presumption by an evidentiary showing that the statute is unconstitutionally oppressive *as applied to them personally* (cf. *Shapiro* v. *Health Ins. Plan of Greater N. Y.,* 7 N Y 2d 56, 60, 64). Plaintiffs made no such showing and raised no fact issue in that respect. Consequently, the presumption of constitutionality stands unrebutted on this record; no trial is required on the issue of unconstitutionality of the statute as it applies to these plaintiffs; and it was improper to direct a trial of that issue. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur. [58 Misc 2d 920.]