OPINION OF THE COURT
Memorandum.
Order unanimously affirmed with $10 costs.
In this Housing Part proceeding, petitioner obtained a judgment against appellants based on their failure to provide heat and hot water to a tenant. Respondents moved to vacate the judgment and among other contentions, argued that the proceeding was premature and that they were not "owners” under the relevant statutes. The court below denied the motion.
Housing Maintenance Code (Administrative Code of City of NY) § 27-2004 (45) and Multiple Dwelling Law § 4 (44) define the term "owner” as being an "agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling.” It is clear that the person registered as the managing agent is an "owner” under those sections (Department of Hous. Preservation & Dev. v 849 St. Nicholas Equities, 141 Misc 2d 258, 266-268; see also, Housing & Dev. Admin, v Johan Realty Co., 93 Misc 2d 698, 701; Housing & Dev. Admin, v Bryant Westchester Realty Corp., 90 Misc 2d 816, 818). As to whether an officer of a corporation is an "agent” under these provisions, one of the indicia of agency is whether that person is directly or indirectly in control of the premises. The Appellate Term, First Department, has found that a corporate officer is an agent where said officer is involved with the operations of the building (see, Department of Hous. Preservation & Dev. v Chana Realty Corp., NYLJ, June 7, 1993, at 29, col 1; Department of Hous. Preservation & Dev. v Pirlamarla, NYLJ, Feb. 28, 1983, at 13, col 1; Housing & Dev. Admin, v Schneider, NYLJ, June 16, 1982, at 6, col 2).
 In the case at bar, David Livingston was listed as the registered managing agent and an officer of the corporate owner on the multiple dwelling registration form and Cynthia Livingston was listed as an officer of the corporation. At the hearing on the motion to vacate the underlying judgment, Ms. *662 Livingston testified that she was intimately involved with the day-to-day operations of the building and therefore was properly found to be a person directly or indirectly involved with the control and operation of the building. Therefore, the fines were properly imposed against both of them. In addition, it should be noted that the fines ran each day that the conditions were not corrected and therefore the imposition of the fines was not premature.
Kassoff, P. J., Chetta and Patterson, JJ., concur.