(May 18, 1999)

■ In the Matter of LANGSAM PROPERTY SERVICES CORP., Appellant, v ANN McCARTHY, as Executive Director of the Environmental Control Board, et al., Respondents. [690 NYS2d 208] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered May 7, 1997, which denied petitioner's CPLR article 78 application to annul respondent Environmental Control Board's determination denying petitioner's administrative application to stay enforcement of, and vacate, the default judgment respondent docketed administratively against it pursuant to New York City Charter § 1404 (d) (1) (e), and which dismissed the petition, unanimously affirmed, without costs.

At issue is the validity of the service of notices of violation (NOV's) upon petitioner Langsam Property Services Corp. for various infractions of fire and safety regulations enforced by respondent New York City Environmental Control Board. Upon failure to respond to the NOV's and subsequent notices, the agency rendered a final order and docketed judgment adminis-

tratively against petitioner. Following service of a Sheriff's levy, Langsam filed an administrative appeal (denominated an application for a stay of default) with the Environmental Control Board on May 29, 1996, in which it attacked the validity of service of the NOV's. The agency, by letter determination dated September 5, 1996, denied Langsam's application and upheld service of the notices. Langsam then commenced this proceeding, contending that it "was never properly served with process in each of the underlying violations" and, thus, respondent agency was without authority to enter judgment administratively. Supreme Court confirmed the administrative determination and dismissed the petition.

The record on appeal is incomplete and the procedural posture of the case is awkward. While we agree with the decision rendered by Supreme Court, our affirmation rests on different grounds from those stated by the court.

The issue submitted to Supreme Court by petitioner was whether the NOV's were properly served within the meaning of New York City Charter § 1404 (d) (2) (a) so as to enable the agency to enter judgment administratively against petitioner (NY City Charter § 1404 [d] [1] [e]). Thus, the question to be decided was whether the agency acted in violation of the proper procedure (CPLR 7803). Supreme Court found that an issue of fact exists regarding the validity of service of the notices of violation; however, without reaching the merits of service, the court upheld the administrative determination on the alternative ground that it was unable to state, on the record before it, that the agency's ruling was arbitrary and capricious. Complicating matters is that the record does not include the evidence before the agency when it issued its ruling (CPLR 7804 [e]). However, because the issue to be decided is whether service of the NOV's was properly made, not whether the agency's determination was arbitrary and capricious, this omission does not preclude review.

The deficiencies in the record notwithstanding, the basis of petitioner's attack upon the validity of service is clear from the affidavit submitted by its president, Mark Engel, in connection with its administrative application for a stay of default. The affidavit states that "Langsam Property Services Corp. has never had employees at any building which it manages." Petitioner's position before the agency was that while service may have been made on an employee at the premises, service was not made on a person employed by Langsam Property Services Corp. The argument advanced on appeal is that, pursuant to New York City Charter § 1404 (d) (2) (a) (i), service is required

to be made on someone at the premises who is actually employed by the party against which judgment is to be entered, in this case, petitioner managing agent.

Multiple Dwelling Law § 4 (44) defines the term "owner" to include the actual owner of the premises as well as various other parties, including an "agent, or any other person, firm or corporation, directly or indirectly in control of a dwelling" (*see also*, Multiple Dwelling Law § 304 [11]). While New York City Charter § 1404 (d) (2) was enacted pursuant to the City's authority to provide for service other than that provided in the Multiple Dwelling Law (Multiple Dwelling Law § 3 [4] [b]; § 326 [4]), the latter statute is by no means immaterial to the construction of the contested service provisions. " 'Neither the Multiple Dwelling Law, the New York City Charter, nor the Fire Prevention Code are to be given an exclusive interpretation, but, under recognized principles of statutory construction, they are to be read together and given a harmonious interpretation wherever possible, and are to be read also in such a way as will effectuate the legislative intent' " (*Matter of Aron Manor Nursing Home v Board of Stds. & Appeals*, 35 Misc 2d 1044, 1046, quoting *Matter of Sacer Realty Corp.*, 73 NYS2d 211, 214).

As a general proposition, a party who assumes direction and control over persons employed by another is answerable for the acts of those employees, subject to a presumption that control remains in the original employer (*see, Wawrzonek v Central Hudson Gas & Elec. Corp.*, 276 NY 412, 419; *Irwin v Klein*, 271 NY 477, 484). The Multiple Dwelling Law imposes liability for violations, generally, on those in possession and control of the premises and, specifically, on certain parties designated as the legal equivalent of the owner (Multiple Dwelling Law § 4 [44]). One effect of the statutory unity of managing agent and owner is to remove any doubt that those employed at the premises are subject to the agent's control, thereby subjecting the agent to penalties for violation of the Multiple Dwelling Law (or a local law enacted pursuant thereto) resulting from the acts or omissions of such employees (*e.g., Department of Hous. Preservation & Dev. v Livingston*, 169 Misc 2d 660, 661). Significantly, petitioner does not dispute its control over the premises or any employee served with an NOV, it merely asserts that any person served was technically not its own employee.

A notice of violation is required to be served "by delivering such notice to a person employed by the respondent on or in connection with the premises where the violation occurred" (NY City Charter § 1404 [d] [2] [a] [i]). The question ultimately

presented is the meaning to be ascribed to the words "employed by the respondent". This Court concludes that this term should be given a more expansive interpretation than that urged by petitioner. Under the circumstances, the distinction sought to be drawn between a person employed by the owner and a person employed by the managing agent is a distinction without legal significance. Having assumed direction and control of the premises and those employed "on or in connection with the premises where the violation occurred", petitioner is deemed to be their employer, both as a matter of established agency principles and as a matter of statutory definition. We therefore hold that, for purposes of delivery of a notice of violation "to a person employed by the respondent", service upon the employee of the owner is equivalent to service upon the employee of the managing agent in control of the premises. Accordingly, we find no defect in service of the notices of violation at issue in this matter and no bar to the administrative docketing of the ensuing judgment. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.