Leung v Zi Chang Realty Corp. (2022 NY Slip Op 50034(U))

[*1]

Leung v Zi Chang Realty Corp.

2022 NY Slip Op 50034(U) [74 Misc 3d 126(A)]

Decided on January 21, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570049/21

Guang Y. Leung, Oi Yuk Kong, Ai Yu
Shao, Qun Chen, Wai Hei Li, Liu Yi Chun, Xiu Zhen Zhang, Jing Zhao Chen, Kai Lu and Jerry
Li, Petitioners-Tenants-Respondents,
against
Zi Chang Realty Corp., Wing Chau Yeung and Yu Huang,
Respondents-Landlords-Appellants, and Department of Housing Preservation &
Development (DHPD), Respondent.

Respondents-landlords, as limited by their briefs, appeal from a decision/order of the Civil
Court of the City of New York, New York County (Jack Stoller, J.), dated April 27, 2020, and
eight judgments (same court and Judge), each entered November 18, 2020, after a nonjury trial,
awarding certain petitioners-tenants compensatory and punitive damages in a Housing Part (HP)
proceeding.

Per Curiam.
Judgments (Jack Stoller, J.), each entered November 18, 2020, affirmed, with $25 costs to
each petitioner-tenant. Appeal from order (same court and Judge), dated April 27, 2020,
dismissed, without costs, as subsumed in the appeals from the judgments.
There is no basis for disturbing the trial court's extensive and detailed findings of fact as to
petitioners-tenants' respective claims for harassment in this Housing Part enforcement proceeding
(see Administrative Code of City of NY §§ 27-2004[a][48], 27-2005[d]).
Ample testimonial and documentary evidence supports Civil Court's finding that
respondents-landlords harassed building tenants by repeatedly interrupting essential building
services, including denying heat and hot water, demanding payment of illegal surcharges, posting
threatening and offensive notices in the common areas of the building, berating tenants for
contacting code enforcement agencies and threatening tenants based upon marital status or
alienage (see Administrative Code § 27-2004[a][48]; Jobe v Chelsea Hotel
Owner LLC, 198 AD3d 440 [2021]). Respondents have totally failed to rebut these
findings.
We also find no basis to disturb the court's awards of compensatory and punitive damages.
Tenants who prove harassment are entitled to compensatory damages and, in the court's
discretion, punitive damages, "in addition to any other relief [the court] determines to be
appropriate" (Administrative Code § 27-2115[o]). The court appropriately calculated the
award of compensatory damages, in part, as a percentage of the rent reserved in the leases, as the
record evidence demonstrated the effect that the interruption of heat and hot water, and the other
acts of harassment, had on petitioners-tenants' use and enjoyment of the premises (see
Administrative Code § 27-2004[a][48][b]). Likewise, the award of $4,500 in punitive
damages in each judgment was a provident exercise of the court's discretion, given the
longstanding and egregious conduct of respondents.
We also agree with Civil Court that respondent Yu Huang is a proper party. The unrebutted
testimony demonstrated that she was intimately involved in the day to day operations of the
building, and co-respondent Wing Chau Yeung, an officer of the corporate respondent,
acknowledged that Huang managed the building under his supervision, making her a person
"directly or indirectly in control" of the building and thus an "owner" within the meaning of the
Housing Maintenance Code (Administrative Code § 27-2004[a][45]; see Department of
Hous. Preserv. & Dev. of City of NY v Livingston, 169 Misc 2d 660 [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 1996]).
We have considered respondents-appellants' remaining arguments and find them
unpersuasive.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 21, 2022