Torres v Sedgwick Ave. Dignity Devs. LLC (2025 NY Slip Op
50586(U))

[*1]

Torres v Sedgwick Ave. Dignity Devs. LLC

2025 NY Slip Op 50586(U) [85 Misc 3d 139(A)]

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 23, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570025/25

Jason Torres,
Petitioner-Tenant-Appellant,

against

Sedgwick Avenue Dignity Developers LLC,
John Warren
& MHR Management Inc., Respondents-Landlords-Respondents

and New York City Department of Housing Preservation and Development.
Respondent.

Petitioner-tenant appeals from an order of the Civil Court of the City of New York,
Bronx County (Shorab Ibrahim, J.), entered on or about November 30, 2022, after a
nonjury trial, which dismissed his harassment cause of action in a Housing Part (HP)
proceeding.

Per Curiam.

Order (Shorab Ibrahim, J.), entered on or about November 30, 2022, affirmed, with
$10 costs.

Upon the trial of this HP proceeding seeking a finding of harassment (see
Administrative Code of City of NY § 27-2005 [d]), the court, after finding that
petitioner-tenant established a prima facie claim based on the failure to correct certain
violations (see Administrative Code § 27-2004 [a] [48] [b-2]; Leung v Zi Chang Realty
Corp., 74 Misc 3d 126[A], 2022 NY Slip Op 50034[U], [App Term, 1st Dept
2022]), found that respondents-landlords sufficiently rebutted the "presumption that such
acts or omissions were intended to cause [tenant] to vacate such dwelling unit or to
surrender or waive any rights in relation to such occupancy. . ." (Administrative Code
§ 27-2004 [a] [48]).

"On a bench trial, the decision of the fact-finding court should not be disturbed upon
appeal unless it is obvious that the court's conclusions could not be reached under any
fair interpretation of the evidence, especially when the findings of fact rest in large
measure on considerations relating to the credibility of witnesses" (Claridge Gardens,
Inc. v Menotti, 160 AD2d 544, 544-545 [1990]). Here, the evidence supports the
trial court's findings.

Civil Court, which had the ability to see and hear the witnesses and assess credibility
(see Pastreich v Pastreich,
176 AD3d 449, 450-551 [2019]), found that petitioner-tenant "credibly [*2]testified" that respondents-landlords made "numerous
efforts to address the violations" in his apartment, that landlords were responsive to his
complaints, they consistently sent workers who appeared on or about the arranged access
dates and that the repairs were made, although tenant disputed the quality of landlords'
efforts. To the extent that tenant claimed that he was targeted because he enforced his
rights in court, the court found no evidence to support this contention.

The court also found that landlords' building manager "credibly testified" and
adduced documentary evidence showing that landlords had "no reason" to have tenant
vacate his apartment and that landlords would receive no financial benefit in emptying
tenant's unit because landlords' regulatory agreement with the City bars them from
exempting any unit from rent stabilization and contains numerous restrictions on rent
increases. The witness further testified that any finding of harassment would have a
"negative financial impact" to its tax credit and other "substantial business dealings with
the Department of Housing Preservation and Development (HPD)."

Since it cannot be said that Civil Court's evaluation of the evidence before it was
unfair (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], there is no
basis to depart from its findings. We have considered petitioner-tenant's remaining
arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: April 23, 2025