ADOLPH TAUSIK, Respondent, *v.* HELEN T. TAUSIK, Appellant.

First Department, July 5, 1960.

*Joseph F. Seminara* of counsel (*Sidney A. Wolff* with him on the brief; *Goldstone & Wolff*, attorneys), for appellant.

*Meyer Kraushaar* of counsel (*Philip Wolfson* with him on the brief; *Bonom & Wolfson*, attorneys), for respondent.

MEMORANDUM BY THE COURT.· Determination of Appellate Term, dated April 4, 1960 and April 5, 1960, affirmed, with costs to respondent. Subdivision 8 of section 1411 of the Civil Practice Act, which was enacted following a recommendation by the Law Revision Commission (1951 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1951, No. 65(C)]) provides for summary proceedings against a licensee whose license has expired or has been revoked by the licensor. Nothing in subdivision 8 of section 1411 limits the term " licensee " so as to exclude a spouse. Before the enactment of subdivision 8, the remedy to recover possession where a license had expired or had been revoked was by an action in ejectment. Such a suit could be maintained between spouses who had separated even though there was no judicial separation (*Wood* v. *Wood,* 83 N. Y. 575).

Subdivision 8 of section 1411 merely substituted the speedy remedy of a summary proceeding for the more cumbersome ejectment action. Clearly the written agreement herein signed

by the wife (coupled with the payment by the wife of $450 in advance for the carrying charges of the co-operative apartment involved), constituted a license to use the husband's property. Section 51 of the Domestic Relations Law permits a married woman to make contracts in respect to real or personal property except where the contract will relieve the husband from his liability to support his wife. The contract in question does not fall within the excepted area and does not violate our public policy. The parties have actually separated. A determination in the instant proceeding in no way affects their respective rights in their pending matrimonial suit. Questions such as fault and support are to be disposed of in the separation action. All that is decided here is that a valid agreement of license was made; and the license having expired, the husband may avail himself of the statutory remedy given by subdivision 8 of section 1411 of the Civil Practice Act, instead of suing in an action of ejectment.

McNally, J. (dissenting). The determination of the Appellate Term should be reversed and the summary proceeding dismissed.

Subdivision 8 of section 1411 of the Civil Practice Act, which enables a licensor to institute summary proceedings to recover possession of real property, has no application to a proceeding by one spouse as against the other prior to a judicial separation or divorce to recover possession of an apartment constituting the marital domicile. In fact, it is my view that subdivision 8 may not be applied to situations involving a husband and wife relationship.

Subdivision 8 was added by chapter 273 of the Laws of 1951. The recommendation of the Law Revision Commission which accompanied the bills (1951 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., No. 65(C)], pp. 7–10) states the purpose of subdivision 8 is to enable a summary proceeding against one who enters under a license and refuses to leave when the license is terminated. The recommendation cites and comments on *Williams* v. *Alt* (226 N. Y. 283), and related cases, which clearly are inapplicable to husband and wife. The study submitted with the recommendation (N. Y. Legis. Doc., No. 65[C], *supra,* pp. 18–24) treats with seven categories of trespassers denominated (a) to (g), inclusive. In category (a) the study deals with " Licensee Holding Possession after License Revoked ", and category (e) concerns itself with " Spouse Remaining on Premises after Separation or Divorce ". Significantly, the recommendation and the statute are directed solely to a " licensee ". Although a licensee whose license has terminated

may be within the ambit of a trespasser, it would seem clear that neither the recommendation nor the study included within the category of licensee a spouse remaining on premises before or after a separation or divorce.

The recommendation is limited to the single classification of trespassers, to wit, licensees, dealt with under category (a) of the study, and, therefore, does not support the application of subdivision 8 to any of the other categories, and particularly (e) of the study. To read the study submitted with the recommendation as including within the classification of licensee the cases involving possession of a spouse remaining on premises "after Separation or Divorce" treated with under category (e) is to equate licensee with the all-inclusive concept of trespasser and render meaningless the precise analysis of the various types of trespassers reflected in subdivision (a) to (g) of the study. The enactment of subdivision 8 reflects the recommendation of the Law Revision Commission which is limited to licensees and adverts to the problems incident to life tenancies typified by *Williams* v. *Alt* (*supra*).

In any event, the application of subdivision 8 at the instance of her spouse to a wife not judicially separated offends public policy. The sole grounds for judicial separation are those stated in section 1161 of the Civil Practice Act. A judicial separation may not be predicated on the consent or agreement of the parties. If by a summary proceeding prosecuted by one spouse against the other the physical removal of a spouse may be effected under subdivision 8, then a judicial separation without cause has for all intents and purposes been made possible, a result clearly not within the intention of the Legislature. In this aspect of the case, it is immaterial that the agreement relied on by the petitioner may be a license and that the appellant wife paid what is described as "rent" for the month of January, 1959.

Moreover, the agreement made January 4, 1959 is against public policy in that it is an attempt to contract to alter or dissolve the marriage and to relieve the husband from his liability to support his wife within the meaning of section 51 of the Domestic Relations Law. Although section 51 has been construed as being inapplicable to a separation agreement contemplating immediate separation, the agreement here involved is not excluded from the operation of section 51 because the separation contemplated was not immediate; in fact, it did not take place until January 9, 1959. The agreement also violates section 51 in that it does not make provision for the support of the appellant.

BOTEIN, P. J., VALENTE and BERGAN, JJ., concur in Memorandum by the court; RABIN and McNALLY, JJ., dissent and vote to reverse and dismiss in a dissenting opinion by McNALLY, J.

Determination of Appellate Term, dated April 4, 1960 and April 5, 1960, affirmed, with costs to respondent.