CAROLINE P. YOUNG, as Administratrix of the Estate of SANFORD PARKER, Respondent, v ELEANORE CARRUTH, Appellant, et al., Respondents.

First Department, November 16, 1982

APPEARANCES OF COUNSEL

*Benjamin H. Segal* for appellant.

*Robert W. Pruzan* of counsel (*Pruzan & Pruzan,* attorneys), for respondent.

OPINION OF THE COURT

SILVERMAN, J.

This is an appeal from an order of the Appellate Term affirming the judgment of the New York City Civil Court, Housing Part, in a summary dispossess proceeding under RPAPL article 7 awarding possession of an apartment to petitioner (113 Misc 2d 586). The execution of the mandate has been stayed pending this appeal on condition that

appellant pay to petitioner for use and occupancy an amount equal to the rent stipulated in the lease between decedent and his landlord.

Petitioner is the administratrix of the estate of Sanford Parker, the named lessee of the apartment. She is the decedent's daughter. The proceeding was brought against respondent Eleanore Carruth (hereinafter appellant).

For some years before decedent's death, appellant and decedent, though not married to each other, lived together as husband and wife, and the trial court found that for the last five to seven years the apartment had been appellant's primary place of residence. Decedent died intestate on February 29, 1980; letters of administration were issued to petitioner on March 17, 1980; and on March 21, 1980 petitioner served upon appellant a 30-day notice to terminate tenancy. Upon appellant's failure to vacate the apartment, the administratrix brought this summary eviction proceeding.

1. The leasehold was the property of the decedent and thus became part of decedent's estate. We do not accept the argument that appellant was a joint tenant or some kind of tenant in common with decedent. The lease was in decedent's name. Only he had the obligation to pay rent, and in fact, only he paid the rent. It is true that the lease application stated that the apartment would be occupied "as private dwelling by the tenant's immediate family as follows: Mr. Sanford Parker Mrs. Eleanor Parker", and it is clear that the person referred to as Mrs. Eleanor Parker is appellant. (The lease application also names as next of kin "Mrs. Eleanor Parker".) But this merely describes who the occupants will be. The owner of the leasehold, the lessee, was the decedent. There is no evidence sufficient to establish some sort of constructive trust under which appellant can be found to be an equitable joint tenant or tenant in common with decedent.

2. This case involves a dispute between the estate of a decedent and the woman with whom he was living as husband and wife at the time of his death with respect to the apartment they both occupied. The legal considerations applicable are in some respects different from what they

might be if the proceeding were brought by the landlord, or if decedent were alive and legally married to appellant.

Because the proceeding is not brought by the landlord, we need not concern ourselves with the effect of the rent stabilization laws in the City of New York, which essentially govern the relationship between a landlord and a tenant and not between a lessee and his family or other occupants of the apartment.

It may well be that if decedent had been married to appellant he could not have evicted her during his life. (*Rosenstiel v Rosenstiel,* 20 AD2d 71, but cf. *Halaby v Halaby,* 44 AD2d 495.) But that does not mean that a different result in an action or proceeding by the estate against decedent's unmarried cohabiter is an unlawful discrimination because of marital status under this State's Human Rights Law (Executive Law, § 296, subd 5, par [a]). That statute makes it unlawful "for the owner, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation * * * (1) To refuse to sell, rent, lease or otherwise to deny to or withhold from any person or group of persons such a housing accommodation because of the * * * marital status of such person or persons." It would seem doubtful that this has any application to persons who do not stand substantially in the relationship of landlord and tenant. Furthermore, as between the parties, marriage is a legal relationship with its own legal incidents, and the fact that those legal incidents are different from the legal incidents governing the legal relationship between cohabiters who are not married is not a discrimination because of marital status. Finally, even if a living husband could not evict his wife, it has long been established that the estate of a decedent has the right to possession of a dwelling occupied by decedent under a lease for a term of years, even as against a lawful wife. (*Voelckner v Hudson,* 1 Sandf 215, 218 [NY Super Ct]; *Matter of Kelly,* 174 Misc 860, 862.) Our attention has not been called to any statute, regulation or authority changing this rule. (Modern statutes have substituted for dower and widow's quarantine the surviving spouse's right to elect to take against a will and right to an intestate share applicable to personalty as well as realty.)

Thus to sustain the proceeding would not be to discriminate against appellant because of marital status.

3. There is no evidence of any express promise by decedent to permit appellant to remain in the apartment after his death, nor of any legal consideration for such a promise. Nor can we imply such a promise in light of *Morone v Morone* (50 NY2d 481).

4. An issue was raised as to whether the relationship between the parties is such as to permit the bringing of the statutory summary proceeding to recover possession under RPAPL article 7, rather than an action in the nature of ejectment or its modern successors. There is some doubt as to the propriety of a summary proceeding, at least in an action by a husband against his wife to remove her from the apartment. (*Rosenstiel v Rosenstiel*, 20 AD2d 71, *supra;* cf. *Halaby v Halaby,* 44 AD2d 495, *supra.*)

But, on the whole, we see no reason not to permit the modern and generally more satisfactory summary proceeding to be maintained by a decedent's estate against the decedent's cohabiter, under RPAPL 713 (subd 7) permitting such a proceeding to be brought against a licensee whose license has been revoked.

It follows that the Civil Court and the Appellate Term were correct in awarding judgment of possession to petitioner.

5. But the passage of time has worked a change in the situation. The lease expires September 30, 1982, three weeks after this case was argued in this court and before we were able to decide this case. The judgment and the corresponding mandate awarded "delivery of possession" to petitioner. There would seem to be a serious question whether petitioner, the administratrix of the estate, would be entitled to possession after September 30, 1982, or could sublease the apartment to someone else and thus realize the income. It is not clear to us that the estate could demand from the landlord under the rent stabilization laws a renewal of the lease, as the estate is not a person using the apartment as its dwelling.

There is thus a danger that mere affirmance of the judgment would mean depriving appellant of her residence

for no benefit whatever to petitioner. (The emotional undertones of the underlying dispute are obvious.)

The issue of whether the estate is entitled to possession after September 30, 1982 has not been explored either on the facts or law. It should be. If the estate is not entitled to possession after September 30, 1982, it may be that the proceeding has become moot. We express no opinion on this point.

Accordingly, while we affirm the judgment, we do so without prejudice to an application to vacate the judgment awarding possession as moot; and to enable the parties to make such an application in the trial court, we shall stay the mandate on the same condition as the existing stay for a further period of 60 days following service upon appellant's attorney of a copy of the order determining this appeal.

The order of the Appellate Term, Supreme Court, First Department, entered March 18, 1982 affirming the judgment of the Civil Court, City of New York, County of New York, Housing Part, dated February 9, 1981, should be affirmed without costs and without prejudice to an application to vacate the judgment as moot; the existing stay of execution of the mandate of the judgment should be continued on the existing condition for a further period of 60 days following service upon appellant's attorney of a copy of the order determining this appeal.

KUPFERMAN, J. P., ROSS, CARRO and FEIN, JJ., concur.

Order, Appellate Term, Supreme Court, First Department, entered on March 18, 1982, unanimously affirmed, without costs and without disbursements, and without prejudice to an application to vacate the judgment as moot; the existing stay of execution of the mandate of the judgment is continued on the existing condition for a further period of 60 days following service upon appellant's attorney of a copy of this court's order.