OPINION OF THE COURT
Per Curiam.
Final judgment dated November 24, 1986 reversed, with $30 costs, and final judgment of possession granted in favor of the petitioner.
*887 The petitioner is a limited-profit housing company organized under article II of the Private Housing Finance Law and seeks possession of the subject premises after the death of the tenant-cooperator. Respondent, who lived with the deceased tenant for a number of years at the premises, was not a signatory to the occupancy agreement nor was she ever listed on affidavits of income filed by the decedent. However, she claims possessory rights as the assignee of the shares allocable to the apartment and as a member of the deceased tenant’s immediate family in occupancy. Civil Court, while acknowledging the conceded fact that respondent was not the spouse of the tenant of record, held that for purposes of determining the right to occupy the premises and to hold the shares allocable thereto, respondent should be "deemed to be” a member of the tenant’s immediate family.
We reverse. Examination of the governing bylaws, occupancy agreement, and stock certificate makes clear that there are no rights of survivorship in this State-assisted Mitchell-Lama cooperative. The tenant-shareholder did not have the right to assign the apartment shares without first offering same for sale to the cooperative, and this rule is binding on his legal representatives (Bylaws, art VII, §§ 3A, 3H). Even assuming that eligible resident members of the cooperator’s immediate family would be entitled to acquire the shares upon his death, respondent does not qualify because she was not, in law, the spouse of the tenant and cannot claim the benefit of property rights incident to the legal relationship of marriage (Young v Carruth, 89 AD2d 466; Lepow v Gress, NYLJ, July 2, 1984, at 14, col 1 [App Term, 1st Dept]).
We have examined respondent’s remaining arguments and find them substantially without merit.
Sandifer, J. P., Parness and Miller, JJ., concur.