Dominick Pugliese, Respondent,
against
Immacolata Pugliese also Known as TINA PUGLIESE, Appellant, -and- "JOHN DOE" and "JANE DOE," Undertenants.



Appeal from a final judgment of the Civil Court of the City of New York, Richmond County (Marina C. Mundy, J.), entered December 12, 2013. The final judgment, after a nonjury trial, awarded petitioner possession in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
In this holdover summary proceeding, the petition alleges that occupant Immacolata Pugliese, who is petitioner's mother, "entered into possession under an oral agreement made between [occupant] and [petitioner] wherein [occupant] agreed to hold the premises at the will of [petitioner]." Occupant denied the existence of such an agreement and asserted, among other defenses, that as the result of the familial relationship, petitioner was precluded from maintaining a summary proceeding against her. After a nonjury trial, the Civil Court awarded petitioner possession, finding that occupant was a tenant at will and that petitioner had properly commenced this holdover proceeding after terminating the tenancy by service of a 30-day notice. While we agree with the Civil Court that a holdover summary proceeding is maintainable notwithstanding the existence of a familial relationship between the parties (cf. Tausik v Tausik, 11 AD2d 144 [1960], affd 9 NY2d 664 [1961]; Halaby v Halaby, 44 AD2d 495 [1974]; Sears v Okin, 6 Misc 3d 127[A], 2004 NY Slip Op 51691[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]), upon a review of the trial record, we find that petitioner failed to introduce proof in support of his claim of an oral agreement and that occupant vigorously denied the existence of such an agreement. In view of this failure of proof, the final judgment must be reversed and the petition dismissed.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: April 11, 2016