Aloni v Oliver (2021 NY Slip Op 50069(U))

[*1]

Aloni v Oliver

2021 NY Slip Op 50069(U) [70 Misc 3d 137(A)]

Decided on January 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570214/20

Aviad Aloni, Petitioner-Appellant, 
against
Jeffrey Oliver, Respondent-Respondent.

Petitioner, as limited by his brief, appeals from that portion of an order of the Civil Court of
the City of New York, New York County (J. Machelle Sweeting, J.), dated July 23, 2020, which,
upon renewal, denied his motion for summary judgment of possession in a holdover summary
proceeding.

Per Curiam.
Order (J. Machelle Sweeting, J.), dated July 23, 2020, insofar as appealed from, reversed,
without costs, and petitioner's motion for summary judgment of possession granted. Execution of
the warrant of eviction shall be stayed for 60 days.
Petitioner's motion for summary judgment of possession should have been granted. The
summary judgment record conclusively establishes that respondent was a licensee whose license
to occupy the cooperative apartment he shared with petitioner, the sole proprietary lessee, was
revoked by petitioner (see RPAPL 713[7]). No issue of fact was raised by respondent as
to whether he had any possessory interest in the premises or any right to continued
occupancy.
Contrary to the conclusion below, no issue of fact was raised as to respondent's purported
"status as a family member or . . . licensee." Even accepting respondent's contention that he and
petitioner resided together in the apartment in a family-like "romantic relationship," a licensee
proceeding pursuant to RPAPL 713(7) is properly maintainable against respondent. The RPAPL
contains no language exempting individuals with some familial relationship to a petitioner from
eviction as licensees (see Heckman v
Heckman, 55 Misc 3d 86 [App Term, 2nd Dept, 9th & 10th Jud Dists 2017];
see also Tausik v Tausik, 11 AD2d 144 [1960], affd 9 NY2d 664 [1961] [interpreting
Civil Practice Act § 1411(8)]), and courts should not engraft such an exception into the
statute "where none exists" (McKinney's Cons Laws of NY, Book 1, Statutes, § 76,
Comment at 168 [1971 ed]). 
Rosenstiel v Rosenstiel (20 AD2d 71 [1963]), which involved a summary licensee
[*2]proceeding by a husband to remove his wife from the marital
home, does not warrant a contrary result. In that case, the court held that the wife was not a
licensee, i.e. one whose rights exist "by virtue of the 'permission' of her husband or under a
'personal' and 'revocable privilege' extended by him" (20 AD2d at 76). Rather, the wife's rights
"exist[] because of special rights incidental to the marriage contract and relationship" pursuant to
which the husband has the obligation to maintain "a home or housing for the wife" (id at
77). 
In the present case, however, although respondent initially claimed that he was the spouse of
petitioner, an order rendered in a related action between the parties held that there was no legal
marriage between petitioner and respondent, and that respondent has no right to support,
maintenance, equitable distribution or exclusive use of the subject apartment (see Oliver v
Aloni, Sup Ct, NY County, January 24, 2020, Sattler, J., index No. 350001/19). Thus,
Rosenstiel is distinguishable. Moreover, Rosenstiel does not otherwise compel or
suggest that a licensee proceeding cannot be maintained against a family member other than a
spouse "whose rights as such have not been annulled or modified by any court decree or special
agreement" (Rosenstiel at 73; see Young v Carruth, 89 AD2d 466 [1982];
Halaby v Halaby, 44 AD2d 495 [1974]; Tausik v Tausik, 11 AD2d 144 [1960];
Heckman v Heckman, 55 Misc 3d
86).
Braschi v Stahl Assoc. Co. (74 NY2d 201 [1989]) is inapplicable to the particular
facts of this case. Braschi extended statutory rights to succeed to rent regulated
apartments, which were held by family members, to nontraditional family members (see East
10th St. Assoc. v Estate of Goldstein, 154 AD2d 142, 145 [1990]). Manifestly,
Braschi applies to cases commenced by a landlord against a remaining family member of
a rent regulated apartment who seeks succession rights, and not to cases between a lessee and
another occupant of the apartment (see
Heckman v Heckman, 55 Misc 3d 86). "The expansive definition of family set forth in
Braschi . . . has no bearing on interpreting different statutes with different statutory
purposes" (Preferred Mut. Ins. Co. v
Pine, 44 AD3d 636, 640 [2007]; see Raum v Restaurant Assoc., 252 AD2d 369,
370 [1998]), such as RPAPL 713(7).
Nor do we perceive any policy reason to deprive petitioner of the right to commence a
statutory summary proceeding. The remedy provided by article 7 of the Real Property Actions
and Proceedings Law was designed to be a "simple, expeditious and inexpensive means of
regaining possession of his premises" (Metropolitan Life Ins. Co. v Carroll, 43 Misc 2d
639, 640 [App Term, 1st Dept 1964], quoting Reich v Cochran, 201 NY 450, 454
[1911]), with Civil Court as the preferred forum for resolution of such disputes (see
Waterside Plaza v Yasinskaya, 306 AD2d 138 [2003]). These objectives are served by
permitting petitioner to maintain "the modern and generally more satisfactory summary
proceeding" (Young v Carruth, 89 AD2d at 469) to remove respondent from the
premises, rather than relegating petitioner to the more cumbersome Supreme Court ejectment
action. Summary proceedings "should not be so hypercritically restricted as to destroy the very
remedy which they are designed to afford" (Reich, 201 NY 455).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 29, 2021