Readick v Green (2021 NY Slip Op 50973(U))

[*1]

Readick v Green

2021 NY Slip Op 50973(U) [73 Misc 3d 132(A)]

Decided on October 14, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570105/21

Jeannie Readick, Petitioner-Respondent,
against
Jonas Green a/k/a Jonas Greenberg, Respondent-Tenant-Appellant,
and "John Doe" and "Jane Doe," Respondents-Undertenants.

Respondent appeals from an amended order of the Civil Court of the City of New York, New
York County (Marcia J. Sikowitz, J.), dated September 16, 2020, which granted petitioner's
motion for summary judgment of possession in a holdover summary proceeding.

Per Curiam.
Amended order (Marcia J. Sikowitz, J.), dated September 16, 2020, affirmed, with $10
costs.
Petitioner's motion for summary judgment of possession was properly granted. No issue of
fact was raised by respondent as to whether he had any right to continued occupancy of the
apartment he shared with petitioner following petitioner's termination of respondent's
month-to-month tenancy. 
Respondent's contention that he is a nontraditional family member of petitioner, who can
only be removed in an action for ejectment, was properly rejected. Even were we to accept
respondent's contention (disputed by petitioner) that he and petitioner resided together in the
apartment as "domestic partners" in a non-traditional family-like relationship, this summary
proceeding is properly maintainable. The RPAPL contains no language exempting individuals
with some family relationship to a petitioner from eviction, whether under RPAPL 711 or
RPAPL 713 (see Aloni v Oliver, 70
Misc 3d 137[A], 2021 NY Slip Op 50069[U] [App Term, 1st Dept 2021]; Heckman v Heckman, 55 Misc 3d
86 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Furthermore, Braschi v Stahl
Assoc. Co. (74 NY2d 201 [1989]), on which respondent bases his claim to be a
non-traditional family member of petitioner, is inapplicable. Braschi applies to cases
commenced by a landlord against a remaining family member of a rent regulated apartment who
seeks succession rights, and not to cases between a lessee and another occupant of the apartment
(see Aloni v Oliver, 70 Misc 3d
137[A]; Heckman v Heckman, 55 Misc 3d at 89).
We do not reach respondent's argument, raised for the first time in his appellate reply brief,
that he was not a month-to-month tenant (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 14, 2021