Great Jones St. Realty Corp. v Chimsanthia (2022 NY Slip Op 50035(U))

[*1]

Great Jones St. Realty Corp. v Chimsanthia

2022 NY Slip Op 50035(U) [74 Misc 3d 126(A)]

Decided on January 21, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Silvera, JJ.

570097/20

Great Jones St. Realty Corp.,
Petitioner-Appellant,
against
Nittaya Chimsanthia, Respondent-Respondent, and "John Doe", "Jane
Doe," Respondents-Undertenants.

Petitioner, as limited by its brief, appeals from those portions of an order of the Civil Court
of the City of New York, New York County (Eleanora Ofshtein, J.), dated August 27, 2021,
which denied its cross motion for summary judgment of possession and to dismiss respondent
Chimsanthia's second, fourth, seventh, eighth, eleventh, twelfth, fourteenth, fifteenth and
sixteenth affirmative defenses in a holdover summary proceeding.

Per Curiam.
Order (Eleanora Ofshtein, J.), dated August 27, 2021, modified to grant petitioner's motion
to dismiss the second, eighth and sixteenth affirmative defenses; as modified, order affirmed,
with $10 costs.
Petitioner commenced this holdover proceeding alleging that respondent's license to occupy
the subject Great Jones Street (unregulated) apartment expired upon the death of her husband
Joseph Scott, who, it is alleged, occupied the premises solely as an incident to his employment as
building manager or superintendent. Respondent interposed an answer containing some 18
affirmative defenses, alleging, inter alia, that petitioner's principals are her in-laws, that her late
husband had an ownership interest in the building and occupied the apartment, not as the result
of his employment, but in his position as owner, and that she inherited her husband's
interest.
Civil Court correctly denied petitioner's motion for summary judgment of possession.
Petitioner failed in its burden to demonstrate that respondent's now-deceased husband occupied
the apartment solely as an incident to his employment as building manager or superintendent
(see [*2]Mohr v Gomez, 173 Misc 3d 553 [App Term, 1st
Dept 1997]). Moreover, triable issues were raised with respect to respondent's defense that her
late husband, the president and shareholder of petitioner, converted the subject commercial loft
space to residential use at his own expense in consideration of a life estate for the benefit of his
spouse (see Paladino v Sotille, 15
Misc 3d 60 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). With respect to
petitioner's contention that any purported oral agreement giving a life estate was barred by the
statute of frauds (see General Obligations Law § 5-703), respondent has sufficiently
alleged part performance, i.e. taking possession for several years and converting said unit from
commercial to residential use, that is unequivocally referable to the oral agreement (see
Tuttle, Pendelton & Gelston v Dronart Realty Corp., 90 AD2d 830 [1982]), so as to
remove the agreement from the statute of frauds.
Contrary to petitioner's primary contention with respect to the affirmative defenses, we find
that such defenses are adequately pleaded. Nor are we bound by law of the case in considering
the merits of such defenses (see
Hutchings v Yuter, 108 AD3d 416, 417 [2013]).
However, respondent's second and eighth affirmative defenses (inaccurate description of the
subject premises in the predicate notice and petition) should have been dismissed, based upon
this Court's prior determination (see
Great Jones St. Realty Corp. v Chimsanthia, 67 Misc 3d 136[A], 2020 NY Slip Op
50547[U] [App Term, 1st Dept, 2020]). Respondent's sixteenth affirmative defense, alleging that
she cannot be evicted because of her familial relationship to petitioner's principals, should have
also been dismissed. The RPAPL contains no language exempting individuals with some familial
relationship to a petitioner from eviction as licensees (see Aloni v Oliver, 70 Misc 3d 137[A], 2021 NY Slip Op
50069[U][App Term, 1st Dept 2021]; Heckman v Heckman, 55 Misc 3d 86 [App Term, 2nd Dept, 9th
& 10th Jud Dists 2017]).
Petitioner has not established any legal basis to dismiss the other affirmative defenses. We
have examined petitioner's remaining contentions and find them to be without merit.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: January 21, 2022