John v John (2023 NY Slip Op 51253(U))

[*1]

John v John

2023 NY Slip Op 51253(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-81 W C

Marques Blair John, Appellant, 
against
Patricia John, Respondent. 

Marques Blair John, appellant pro se.
Deborah D. Clegg, for respondent (no brief filed).

Appeal from a final judgment of the City Court of Mount Vernon, Westchester County (Nichelle A. Johnson, J.), entered January 26, 2023. The judgment, after a nonjury trial, dismissed the petition in a summary proceeding brought pursuant to RPAPL 713 (10).

ORDERED that the final judgment is affirmed, without costs. 
Petitioner commenced this unlawful entry and detainer proceeding (see RPAPL 713 [10]) by order to show cause in lieu of a notice of petition (see CPLR 403 [d]) against respondent, his mother, seeking to be restored to the apartment in which he had previously resided with respondent. After a nonjury trial, the City Court dismissed the petition, finding that petitioner did not have a remedy available in a summary proceeding due to the parties' familial relationship. 
"[T]here is no 'familial exception' bar to the maintenance of a summary proceeding" (Heckman v Heckman, 55 Misc 3d 86, 90 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see Great Jones St. Realty Corp. v Chimsanthia, 74 Misc 3d 126[A], 2022 NY Slip Op 50035[U] [App Term, 1st Dept 2022]; Readick v Green, 73 Misc 3d 132[A], 2021 NY Slip Op 50973[U] [App Term, 1st Dept 2021]). However, contrary to petitioner's arguments, the petition was properly dismissed, albeit upon a different ground. Upon a review of the record, we find that petitioner was, at most, a licensee, and not a tenant, as neither party testified to any agreement regarding petitioner's occupancy, including the term or any rent. A licensee cannot maintain an [*2]unlawful entry and detainer proceeding (see Li Jen Yao v Steele, 79 Misc 3d 131[A], 2023 NY Slip Op 50788[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; Qian "Lily" Zhu v Xiao "Joy" Hong Li, 70 Misc 3d 139[A], 2021 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Andrews v Acacia Network, 59 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the final judgment is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023