Machado v Machado (2025 NY Slip Op 51615(U))

[*1]

Machado v Machado

2025 NY Slip Op 51615(U)

Decided on October 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2025

SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570859/25

Norma Machado, As Executor of Richard Machado's Estate, Petitioner-Respondent,

against

Maria Del Mar Machado, Respondent-Appellant.

Respondent appeals from: (1) an order of the Civil Court of the City of New York, New York County (Travis J. Arrindell, J.), dated June 29, 2023, which granted petitioner's motion for summary judgment of possession in a holdover summary proceeding; and (2) an order (same court and Judge), dated April 11, 2024, which denied respondent's motion to renew the aforesaid order.

Per Curiam.

Orders (Travis J. Arrindell, J.), dated, respectively, June 29, 2023 and April 11, 2024, affirmed, with one bill of $10 costs.

Petitioner, the owner of a Fifth Avenue condominium apartment, commenced this licensee holdover proceeding seeking to evict respondent, his adult daughter, from the premises. On this appeal from an order granting petitioner summary judgment of possession, respondent contends that Civil Court lacked jurisdiction to evict her as a licensee due to her familial relationship with petitioner. This argument is improperly raised for the first time on appeal (see Estreich v Jewish Home Lifecare, 178 AD3d 543, 544-545 [2019]), and, in any event, is without merit. "The RPAPL contains no language exempting individuals with some familial relationship to a petitioner from eviction as licensees" (Great Jones St. Realty Corp. v Chimsanthia, 74 Misc 3d 126[A], 2022 NY Slip Op 50035[U] [App Term, 1st Dept 2022]), particularly under the present circumstances (see Aloni v Oliver, 70 Misc 3d 137[A], 2021 NY Slip Op 50069[U][App Term, 1st Dept 2021]; Heckman v Heckman, 55 Misc 3d 86 [App Term, 2nd Dept, 9th & 10th Jud Dists 2017]).

Renewal was properly denied since the purportedly new material offered by respondent was available to her at the time of her original motion (see Byrne v Ryder Truck Rental, 292 AD2d 326, 327 [2002]). Moreover, the ostensibly new material would not have changed Civil Court's prior decision to grant petitioner's motion for summary judgment of possession and a warrant of eviction (Solis v 340 W. 12th Realty LLC, 226 AD3d 449, 450 [2024]; Wells Fargo Bank, N.A. v Caro, 82 AD3d 880, 882 [2011]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: October 16, 2025