J.V. v C.V. (2025 NY Slip Op 25278)

[*1]

J.V. v C.V.

2025 NY Slip Op 25278

Decided on December 18, 2025

District Court Of Nassau County, First District

Hohauser, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 18, 2025
District Court of Nassau County, First District

J.V., Petitioner,

against
C.V., Respondent.

Index No. LT-3015/24

Judy Slater Hirshon, Esq., Attorney for Respondent
Bradley Schnur, Esq., Attorney for Petitioner

William Hohauser, J.

 
Papers Considered:
Respondent's Motion for Summary Judgment (w/exhibits)
Petitioner's Opposition and Cross-Motion for Summary Judgment (w/exhibits)
Respondent's Memorandum of Law in Support
Petitioner's Memorandum of Law in Opposition / Support of Cross Motion
Respondent's Opposing Memorandum
DECISION AND ORDER
Factual Setting
Petitioner J. V. commenced this holdover proceeding to evict his sister, respondent C. V. and C. V.'s minor child B.V. ("B.V."), from the premises located at 4 Ralph Young Avenue, Glen Cove NY 11542), on the grounds that C.V. was a licensee of the petitioner, J. V.), and that said status was properly terminated by J. V. Respondent seeks to dismiss this petition on the grounds that: (i) J. V. owed (and owes) C. V. a statutory duty of support which has not terminated, which would preclude termination of an alleged licensee relationship; and (ii) J. V. cannot summarily evict C. V. due to the "familial relationship" exception to evictions. J. V. counter-moves for summary judgment in support of his holdover petition.
The operative facts are not in dispute. In May 2019, M. T. (mother of J. V. and C. V.) signed Federal Form I-864 A, a contract pursuant to which she agreed to sponsor C. V. (as well as C. V.'s daughter's) application for lawful immigration to the United States. Petitioner J. V. signed on to this form as a "household member," and thus also agreed to be bound by its terms and conditions. In November 2021, C. V. and B. V. became lawful, permanent residents of the United States, and immediately became residents at 4 Ralph Young Avenue, in Glen Cove. J. V., along with C. V. and B. V., have continued to reside at said premises until and after service of [*2]the ten (10) day Notice to Quit served upon C. V., as well as subsequent proceedings. 
Discussion
(A) Federal Support Issues
Form I-864 A, which is promulgated pursuant to the U.S. Immigration and Nationality Act, 8 U.S.C. §1182(a)(4); 8 C.F.R. §213a.2(a), forbids the admission of any alien who "is likely at any time to become a public charge." Accordingly, an otherwise inadmissible, family-sponsored immigrant may become eligible for admission upon the filing of a Form I-864 Affidavit of Support. In signing this affidavit, the sponsor (and/or household member) agrees to provide financial support (to the putative immigrant) at an annual income that is at least 125 percent of the Federal Poverty Guidelines during the period the I-864 affidavit is in effect. Upon execution, this affidavit morphs into a contract between the sponsor/household member and the United States government, which may be enforced either by the government or the immigrant. As courts have recognized, this "may impose a heavy obligation on....sponsors [or household members]," but that is the nature of the bargain, as "the affidavit imposes a one-way obligation on [the sponsor or household member] to support [the immigrant] without any counter-promises...." Belevich v. Thomas, 17 F.4th 1048 (11th Cir. 2021); see also Perakis v. Perakis, 2023 U.S. Dist LEXIS 90854 (M.D. Fla. 2023).
The support obligations solidified by the I-864 affidavit terminate only upon the occurrence of certain discrete events: (I) when the benefitted immigrant becomes a United States citizen; (ii) when the benefitted immigrant works or receives credit for forty (40) qualifying credits of coverage under the Social Security Act; (iii) when the benefitted immigrant loses their status as a lawful permanent resident and departs from the United States; (iv) when the benefitted immigrant becomes the subject of a superseding Affidavit of Support; or (v) when the benefitted immigrant dies. See Erler v. Erler, 824 F.3d 1173 (9th Cir. 2016); Eugenio v. Eugenio, U.S. Dist. LEXIS 79982 (N.D.Ca. 2024).
As applied to the instant circumstances, it is clear that no terminating occurrence has occurred, which would otherwise limit the obligations owed to C. V. by J. V. and/or M. T. Accordingly, the statutorily-imposed contractual duties owed to C. V. remain in existence, and may be enforced either by C. V. and/or the United States government. Thus, the issue devolves into whether this statutory duty implicates a duty to maintain housing for C. V. (and B. V.), and turns on whether a summary eviction proceeding may be had vis-a-vis a family member such as C. V. (and B. V.), or whether the so-called "familial exception" would interpose a bar.
(B) Family Exception/Support Obligation
RPAPL 713, entitled "Grounds where no landlord-tenant relationship exists, provides that:
"A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed....upon the following grounds:....(Respondent) is a licensee of the person entitled to possession of the property [*3]at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor...."
Accordingly, the issue to be decided is whether a close relative who is statutorily entitled to receive support, and has resided in the admittedly familial residence for several years, can be summarily evicted as a mere licensee.
In Kakwani v Kakwani, 40 Misc 3d 627 (Dist Ct. Nassau Co. 2013), the Court considered whether a person's right to reside in a premises which "stems not merely from petitioner's permission, but from a true family relationship, can be summarily evicted without the bringing of an ejectment action in [S]upreme [C]ourt," and answered in the negative. The Kakwani decision, as well as others, cited to a seminal decision of the Appellate Division in Rosentiel v. Rosentiel, 20 AD2d 71 (1st Dept 1963), which involved a determination of whether a spouse could summarily evict another spouse as a mere licensee. Holding in the negative, the Court reasoned that the right to occupy derived from a family relationship, rather than from permission of the petitioning party.[FN1]
Following Rosentiel, courts generally have expanded the rights set forth in Rosentiel, supra, and found that other familial relationships may not be equated to licensor/licensee status, and thus summary eviction pursuant to RPAPL 713 is inappropriate. See, e.g. Kakwani, supra, (sister-in-law); Morris v. Morris, 63 Misc 3d 453 (Civ.Ct. Bronx. Co. 2018) (brother); Rinis v. Toliou, 56 Misc 3d 1211(A) (Civ.Ct. Kings Co. 2017)(stepchild). Courts use a case-by-case analysis of the relationship in question, and examine "the circumstances under which the parties resided together". Dave v. Vaghela, 84 Misc 3d 1203(A) (Dewitt Town Ct. 2024); Xinyany Yu v. Shuwen Zhan, 62 Misc 3d 1202(A) (Dist. Ct. Nassau Co. 2018).
On the other hand, in Heckman v. Heckman, 55 Misc 3d 86, 50 N.Y.S.3d 793 , 2017 NY Slip Opp 27122 (App. Term 2d Dept 2018), a licensee eviction proceeding brought against the petitioner's sister-in-law, the Appellate Term held that so-called "familial exception" to summary eviction proceedings did not apply to situations where there is no legal support obligation, and cited to similar holdings of other superior courts. See Pugliese v. Pugliese, 51 Misc 3d 140[A], 37 NYS 3d 208, 2016 NYS Slip Op 50614 [U] (App. Term 2d Dept, 9th & 10th Jud Dists 2015), Odekhiran v. Pearce, 54 Misc 3d 126[A], 50 NYS 3d 26, 2016 Slip Op 51779 [U] (App. Term 2d Dept 2d, 11th & 13th Jud Dists 2016]). In so doing, the Appellate Term distinguished a series of other cases in which the holdings denied petitioners the right to evict those in whose favor a support obligation was found to exist.
However, as applied to the instant circumstances, C. V. and her minor daughter immigrated to the United States under quite discrete circumstances, and in direct reliance upon promises made by J. V. and M. T. In order to become lawful residents, and presumably to prevent C. V. from becoming a public charge, J. V. (along with M. T.) voluntarily agreed to [*4]provide at least a minimum measure of financial support. Indeed, neither C. V. nor her daughter would have been able to obtain permanent residence status without the sponsorship of J. V. and M. T. That duty, taken together with the close family relationship between J. V. and C. V., is more than sufficient to find that C. V. is not a mere licensee who can be summarily evicted. Since there is no suggestion that J. V. was coerced, or otherwise forced, to sign the Form I-864 as a "household member" obligated to provide support for his sister C. V., the so-called "familal exception" defense is applicable and precludes C. V.'s eviction in a summary proceeding. This does not limit J. V.'s ability to maintain an ejectment proceeding in Supreme Court, however the District Court simply is not the appropriate forum for this dispute. 
Accordingly, Respondent's motion to dismiss is granted, and Petitioner's cross-motion for summary judgment is denied as moot.
This constitutes the decision and order of the Court.
DISTRICT COURT JUDGE
Dated: December 18, 2025

Footnotes

Footnote 1:As has been characterized, "[i]n interpreting the definition of a 'family,' courts have traditionally considered whether the parties lived together 'in a family unit' with 'some indicia of permanence or continuity," Braschi v. Stahl Assoc.Co, 74 NY2d 201 (1989), with common residence often being the 'critical factor' in determining whether the parties are to be considered a 'family' for legal purposes. Sirota v. Sirota, 164 Misc 2d 966 (Civ.Ct. Kings Co. 1995).