**Vasco v Vasco**

2025 NY Slip Op 34774(U)

December 18, 2025

District Court of Nassau County, First District

Docket Number: LT-3015/24

Judge: William Hohauser

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## DISTRICT COURT OF NASSAU COUNTY
## FIRST DISTRICT: LANDLORD / TENANT PART

-------------------------------------------------------------------x

JUAN VASCO,

**INDEX NO.** LT-3015/24

Petitioner,

Against

**Present:**

**HON. WILLIAM HOHAUSER**

CARLA PAOLA VASCO,

Respondent.

-------------------------------------------------------------------x

Papers Considered:

Respondent's Motion for Summary Judgment (w/exhibits)
Petitioner's Opposition and Cross-Motion for Summary Judgment (w/exhibits)
Respondent's Memorandum of Law in Support
Petitioner's Memorandum of Law in Opposition / Support of Cross Motion
Respondent's Opposing Memorandum

## DECISION AND ORDER

### Factual Setting

Petitioner Juan Vasco ("Juan") commenced this holdover proceeding to evict his sister, respondent Carla Vasco, ("Carla") and Carla's minor child Barbara Vasco ("Barbara"), from the premises located at 4 Ralph Young Avenue, Glen Cove NY 11542), on the grounds that Carla was a licensee of the petitioner, Juan Vasco), and that said status was properly terminated by Juan. Respondent seeks to dismiss this petition on the grounds that: (I) Juan owed (and owes) Carla a statutory duty of support which has not terminated, which would preclude termination of an alleged licensee relationship; and (ii) Juan cannot summarily evict Carla due to the "familial relationship" exception to evictions. Juan counter-moves for summary judgment in support of his holdover petition.

The operative facts are not in dispute. In May 2019, Maria Tirado (mother of Juan and Carla) signed Federal Form I-864 A, a contract pursuant to which she agreed to sponsor Carla's (as well as Carla's daughter's) application for lawful immigration to the United States. Petitioner Juan signed on to this form as a "household member," and thus also agreed to be bound by its terms and conditions. In November 2021, Carla and Barbara became lawful, permanent residents of the United States, and immediately became residents at 4 Ralph Young Avenue, in Glen Cove.

[* 1]

Juan, along with Carla and Barbara, have continued to reside at said premises until and after service of the ten (10) day Notice to Quit served upon Carla, as well as subsequent proceedings.

## Discussion

### (A)    Federal Support Issues

Form I-864 A, which is promulgated pursuant to the U.S. Immigration and Nationality Act, 8 U.S.C. §1182(a)(4); 8 C.F.R. §213a.2(a), forbids the admission of any alien who "is likely at any time to become a public charge." Accordingly, an otherwise inadmissible, family-sponsored immigrant may become eligible for admission upon the filing of a Form I-864 Affidavit of Support. In signing this affidavit, the sponsor (and/or household member) agrees to provide financial support (to the putative immigrant) at an annual income that is at least 125 percent of the Federal Poverty Guidelines during the period the I-864 affidavit is in effect. Upon execution, this affidavit morphs into a contract between the sponsor/household member and the United States government, which may be enforced either by the government or the immigrant. As courts have recognized, this "may impose a heavy obligation on....sponsors [or household members]," but that is the nature of the bargain, as "the affidavit imposes a one-way obligation on [the sponsor or household member] to support [the immigrant] without any counter-promises...." Belevich v. Thomas, 17 F.4th 1048 (11th Cir. 2021); see also Perakis v. Perakis, 2023 U.S. Dist LEXIS 90854 (M.D. Fla. 2023).

The support obligations solidified by the I-864 affidavit terminate only upon the occurrence of certain discrete events: (I) when the benefitted immigrant becomes a United States citizen; (ii) when the benefitted immigrant works or receives credit for forty (40) qualifying credits of coverage under the Social Security Act; (iii) when the benefitted immigrant loses their status as a lawful permanent resident and departs from the United States; (iv) when the benefitted immigrant becomes the subject of a superseding Affidavit of Support; or (v) when the benefitted immigrant dies. See Erler v. Erler, 824 F.3d 1173 (9th Cir. 2016); Eugenio v. Eugenio, U.S. Dist. LEXIS 79982 (N.D.Ca. 2024).

As applied to the instant circumstances, it is clear that no terminating occurrence has occurred, which would otherwise limit the obligations owed to Carla by Juan and/or Maria Tirado. Accordingly, the statutorily-imposed contractual duties owed to Carla remain in existence, and may be enforced either by Carla and/or the United States government. Thus, the issue devolves into whether this statutory duty implicates a duty to maintain housing for Carla (and Barbara), and turns on whether a summary eviction proceeding may be had vis-a-vis a family member such as Carla (and Barbara), or whether the so-called "familial exception" would interpose a bar.

2

## B) Family Exception/Support Obligation

RPAPL 713, entitled "Grounds where no landlord-tenant relationship exists, provides that:

> "A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed....upon the following grounds:....(Respondent) is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor...."

Accordingly, the issue to be decided is whether a close relative who is statutorily entitled to receive support, and has resided in the admittedly familial residence for several years, can be summarily evicted as a mere licensee.

In Kakwani v Kakwani, 40 Misc.3d 627 (Dist Ct. Nassau Co. 2013), the Court considered whether a person's right to reside in a premises which "stems not merely from petitioner's permission, but from a true family relationship, can be summarily evicted without the bringing of an ejectment action in [S]upreme [C]ourt," and answered in the negative. The Kakwani decision, as well as others, cited to a seminal decision of the Appellate Division in Rosentiel v. Rosentiel, 20 A.D.2d 71 (1st Dept 1963), which involved a determination of whether a spouse could summarily evict another spouse as a mere licensee. Holding in the negative, the Court reasoned that the right to occupy derived from a family relationship, rather than from permission of the petitioning party.[1] Following Rosentiel, courts generally have expanded the rights set forth in Rosentiel, supra, and found that other familial relationships may not be equated to licensor/licensee status, and thus summary eviction pursuant to RPAPL 713 is inappropriate. See, e.g. Kakwani, supra, (sister-in-law); Morris v. Morris, 63 Misc.3d 453 (Civ.Ct. Bronx. Co. 2018) (brother); Rinis v. Toliou, 56 Misc.3d 1211(A) (Civ.Ct. Kings Co. 2017)(stepchild). Courts use a case-by-case analysis of the relationship in question, and examine "the circumstances under which the parties resided together". Dave v. Vaghela, 84 Misc.3d 1203(A) (Dewitt Town Ct. 2024); Xinyany Yu v. Shuwen Zhan, 62 Misc.3d 1202(A) (Dist. Ct. Nassau Co. 2018).

On the other hand, in Heckman v. Heckman, 55 Misc.3d 86, 50 N.Y.S.3d 793 , 2017 NY Slip Opp 27122 (App. Term 2d Dept 2018), a licensee eviction proceeding brought against the petitioner's sister-in-law, the Appellate Term held that so-called "familial exception" to summary eviction proceedings did not apply to situations where there is no legal support obligation, and cited to similar holdings of other superior

---

[1] As has been characterized, "[i]n interpreting the definition of a 'family,' courts have traditionally considered whether the parties lived together 'in a family unit' with 'some indicia of permanence or continuity," Braschi v. Stahl Assoc.Co, 74 N.Y.2d 201 (1989), with common residence often being the 'critical factor' in determining whether the parties are to be considered a 'family' for legal purposes. Sirota v. Sirota, 164 Misc.2d 966 (Civ.Ct. Kings Co. 1995).

3

[* 3]

courts. *See* <u>Pugliese v. Pugliese</u>, 51 Misc.3d 140[A], 37 NYS 3d 208, 2016 NYS Slip Op 50614 [U] (App. Term 2d Dept, 9th & 10th Jud Dists 2015), <u>Odekhiran v. Pearce</u>, 54 Misc.3d 126[A], 50 NYS 3d 26, 2016 Slip Op 51779 [U] (App. Term 2d Dept 2d, 11th & 13th Jud Dists 2016]). In so doing, the Appellate Term distinguished a series of other cases in which the holdings denied petitioners the right to evict those in whose favor a support obligation was found to exist.

However, as applied to the instant circumstances, Carla and her minor daughter immigrated to the United States under quite discrete circumstances, and in direct reliance upon promises made by Juan and Maria Tirado. In order to become lawful residents, and presumably to prevent Carla from becoming a public charge, Juan (along with Maria Tirado) voluntarily agreed to provide at least a minimum measure of financial support. Indeed, neither Carla nor her daughter would have been able to obtain permanent residence status without the sponsorship of Juan and Maria Tirado. That duty, taken together with the close family relationship between Juan and Carla, is more than sufficient to find that Carla is not a mere licensee who can be summarily evicted. Since there is no suggestion that Juan was coerced, or otherwise forced, to sign the Form I-864 as a "household member" obligated to provide support for his sister Carla, the so-called "familial exception" defense is applicable and precludes Carla's eviction in a summary proceeding. This does not limit Juan's ability to maintain an ejectment proceeding in Supreme Court, however the District Court simply is not the appropriate forum for this dispute.

Accordingly, Respondent's motion to dismiss is granted, and Petitioner's cross-motion for summary judgment is denied as moot.

This constitutes the decision and order of the Court.

William Hohauser

DISTRICT COURT JUDGE

Dated: December 18, 2025

CC: Judy Slater Hirshon, Esq., Attorney for Respondent
Bradley Schnur, Esq., Attorney for Petitioner

4